LOUISVILLE & NASHVILLE RAILROAD · CO. *v.* REECE.

The gist of the plaintiff's action in this case was that a railroad steel rail was carelessly and negligently thrown or caused to fall, without fault on the plaintiff's part, upon the foot of the latter, breaking and crushing it, and that the negligence complained of consisted in moving or throwing a steel rail while a gang of laborers, of which the plaintiff was a member, were engaged in unloading steel rails from a car, without giving proper notice to the plaintiff that the rail was about to be moved or thrown; but the petition fails entirely to show just how the · complainant was engaged in assisting in the removal of the rails from the car, what was his relative position with reference to the rail that was being moved or unloaded or with reference to the other members of the gang who were engaged in the same work, or how or why any notice was necessary or proper;- and the court erred in overruling a demurrer calling for more specific information in regard to these questions.

JUNE 14, 1911.

Action for damages. Before Judge Fite. Gordon superior court. March 4, 1910.

C. L. Reece brought suit against the Louisville & Nashville Railroad Company, to recover damages for personal injuries alleged to have been sustained in consequence of the negligence of certain employees and agents of the defendant company. Petitioner alleged,

that his right foot was broken across the instep, in consequence of a heavy steel rail falling across his foot; that it was caused so to fall by the negligence of the agents and employees referred to; that petitioner was without fault; that at the time his foot was broken he was unloading steel rails from cars with other members of a gang of workmen under foreman McArthur; and that one of the "supervisors" of the defendant company was present, "hurrying the men to unload iron from the cars, which interference with the men and the confusion caused by the unwarranted interference of said supervisor and hurry and confusion caused by the change in foremen, and the excitement caused by the company and abusive language used by the supervisor to the extra gang, caused them to excitedly throw railroad steel [rails] or iron from the cars without proper notice to the employees who were assisting to unload the cars." The petition was demurred to by the defendant, on the grounds, that it failed to set forth what constituted the negligence complained of, and did not fully show the character of the negligence and the particular person or persons who were guilty of such negligence, together with their relation to the defendant; that it did not sufficiently set forth acts of negligence on the part of any one, and failed to show how the supervisor's presence and direction was an interference with the company's business, and why the same should have produced confusion, and how the plaintiff's injuries were the result of anything alleged; and that the petition failed to show how petitioner's injuries were received, and failed to set forth any cause of action against the defendant. The court overruled the demurrer; to which ruling the defendant excepted.

The trial resulted in a verdict for the plaintiff. The defendant made a motion for a new trial, and this being overruled, the defendant excepted.

*D. W. Blair* and *O. N. Starr,* for plaintiff in error.

BECK, J. While the general demurrer was properly overruled, we think the petition is defective in the respects pointed out by the special demurrer: The petition alleges that the plaintiff was injured in consequence of the falling of the rail upon his foot; and in a vague, indefinite way it is averred that the rail fell upon his foot in consequence of some interference upon the part of a certain "supervisor" for the defendant company with a gang of workmen engaged in unloading rails under a certain named foreman;

and it is further alleged that the hurry and confusion caused by the interference on the part of the supervisor, and the abusive language used by him to the gang of workmen, "caused them to excitedly throw railroad steel [rails] from the car without proper notice to the employees who were assisting to unload the car." . There were no allegations to show the position of petitioner relatively to those who were engaged in unloading the steel rails, nor whether his position was such as to require that notice should be given him when a rail was about to be moved or thrown from the car; nor does it appear from the allegations of the petition that he could not easily and readily see how the rail was being handled, if it was being handled so as to put in jeopardy his person. In fact, there is not the slightest suggestion in any of the allegations of fact to show that the other employees engaged with the plaintiff were under any duty of giving notice when a rail was about to be moved or thrown from the car. The gist of the plaintiff's action, it seems, is that a rail was moved or thrown without giving proper notice, and yet nothing is alleged to indicate how or why any notice of the moving or the throwing of the rail was necessary or essential to the safety of the complainant, if he observed proper precautions himself for his own safety. The allegations of the petition are so meager, vague, and indefinite that one can not determine from reading them whether the complainant was on the car assisting in unloading and was injured while so engaged, or whether he was on the ground and from that position engaged in assisting at the work of unloading the rails from the car and while engaged in the latter place a rail was thrown upon him. The demurrant was entitled to more specific information as to the contentions of the plaintiff as to how he was engaged at the time he received the injuries complained of, and what there was in the circumstances which rendered the giving of notice proper or necessary; and the court erred in overruling the special demurrer calling for this information.

The court having improperly overruled the demurrer to plaintiff's petition, what took place subsequently thereto upon the trial is nugatory; and it is unnecessary to pass upon the questions raised by the assignments of error in the motion for a new trial. *General Supply & Construction Co.* v. *Lawton,* 131 *Ga.* 375 (62 S. E. 293).

*Judgment reversed. All the Justices concur.*