## 18867. LOUISVILLE & NASHVILLE RAILROAD CO. v. DOBBS.

BROYLES, C. J. 1. "In an action for damages by an employee against his employer, under the general law of master and servant as existing in this State, based upon an injury resulting from a latent defect in machinery with which the plaintiff is employed to work, if the petition fails to allege in express terms that the master knew, or by the exercise of ordinary care could have known, of the defect, and failed to warn the servant thereof, and fails to allege that the servant did not have equal means with the master of knowing of the defect, the petition will not be subject to general demurrer on the ground of the absence of such allegations, if it contains other allegations which in substance import such knowledge upon the part of the master and unequal means on the part of the servant of knowing the defect. Properly construed, the allegations of the petition were such as in effect to import knowledge as just stated; and it was not error at the trial term to overrule the motion to dismiss the petition." *Lawrenceville Oil Mill* v. *Walton,* 143 *Ga.* 259 (84 S. E. 584).

2. "Assumption of risk, being contractual, implies choice and freedom of consent. Before choice can be implied, there must be an opportunity to choose. Where the allegations of the petition show that the plaintiff was placed in a dangerous emergency by a sudden negligent act of his master, and was injured, it will not be adjudged, on demurrer, that he assumed the risk of continuing to work in the face of this increased hazard, when it appears that the injury followed so quickly upon the negligent act that he did not have a fair opportunity of reasonably exercising any choice in the matter." *Brown* v. *Rome Machine & Foundry Co.,* 5 *Ga. App.* 142 (5) (62 S. E. 720).

3. The allegations of the petition in the instant case, with the legal inferences and deductions arising therefrom, sufficiently disclosed the plaintiff's position relative to the rail (which he and other employees of the defendant were moving at the time of the injury sued for) and the other employees of the defendant at the time the rail was moved. In *Louisville & Nashville Railroad Co.* v. *Reece,* 136 *Ga.* 394 (71 S. E.

675), the petition, while not set forth, was evidently much more defective than the instant one. See the criticism of the petition in the *Reece* case, in the opinion written by Mr. Justice Beck.

4. Under the above-stated rulings and the facts of the instant case the court did not err in overruling the general demurrer to the petition or any of the special demurrers, except the one hereafter mentioned.

5. Paragraph 20 of the first count, and paragraph 18 of the second count, of the petition were subject to the special demurrers interposed, and the overruling of those demurrers was error. See, in this connection, *Louisville & Nashville Railroad Co.* v. *Barnwell*, 131 *Ga.* 791 (4) (63 S. E. 501), and cit.

> *Judgment reversed. Luke and Bloodworth, JJ., concur.*
> DECIDED JUNE 12, 1928.

*Tye & Tye, Morris, Hawkins & Wallace,* for plaintiff in error.
*Hewlett & Dennis, Lindley W. Camp,* contra.