29034. ALFORD *et al. v.* ZEIGLER.

DECIDED JULY 14, 1941.

*John C. Hollingsworth, George G. McCoy,* for plaintiffs in error. *John J. Sullivan, William G. Norwood, Ernest J. Haar,* contra.

BROYLES, C. J. Mrs. Rosalie Zeigler (herein referred to as "plaintiff") sued Mrs. Elizabeth Alford and Carl Morrison (hereinafter referred to as "defendants") to recover damages for the alleged negligent homicide of her husband, Walter M. Zeigler (herein referred to as "deceased"). The court overruled the defendants' general demurrer and paragraphs 4, 5, and 6 of their special demurrer to the petition, and they excepted. The court sustained certain paragraphs of the special demurrer to the petition, but the plaintiff did not except to those rulings.

Omitting those parts of the petition that are not necessary to a determination of the questions presented for decision, it is, by paragraph, substantially as follows: 1. The defendants "do business as the Savannah and Augusta Transportation Company." 4. The defendants "own and operate a motor freight, common-carrier transportation line between Augusta and Savannah." 5. In connection with said line the defendants "operate motor trucks between said cities and intermediate points." 6. Plaintiff was the lawful wife of the deceased and was solely dependent upon him for support, and he contributed to her support. "7. That Walter M. Zeigler . . was employed on January 8th, 1940, and prior thereto, by the defendants . . to drive trucks between Savannah and Augusta and other points at their direction. . . 9. That the said truck . . had defective lights and brakes which did give the deceased trouble on said night of January 6th, 1940,

in that the said lights did completely go out, and the said brakes did catch and grab thereby causing the said truck to pull to the left when the said brakes were applied. 10. On the morning of January 8th, 1940, the deceased . . was instructed to drive a certain truck from Sylvania to Augusta with a load of freight. That while the deceased was driving the said truck . . at a moderate rate of speed and with care and diligence, and . . when the truck . . did reach a point on the highway eighteen miles from Sylvania, Georgia, the lights on the said truck did suddenly and without warning go out completely. That the said failure of the lights did cause the deceased to be left upon the said highway in complete and total darkness and thereby did cause him to run off of the said road down an embankment, the said accident causing the death of Walter M. Zeigler." 11. Said defendants "were informed by the deceased of the defective condition of the lights and brakes on the said truck . . on Saturday, January 6th, 1940, at Sylvania, Georgia. 12. Petitioner further shows that on Sunday, January 7th, 1940, after the truck . . had been left in the care and custody of the defendants, the deceased was assured by Mrs. Elizabeth Alford, one of the defendants, that the truck was now safe for operation. That . . deceased was then directed by defendants to drive same on regular run toward Augusta, Georgia, and, while following instructions as aforesaid, said truck . . became uncontrollable as a result of said defective condition, causing the death of said Walter M. Zeigler." 13. Deceased was "working as instructed and did not contribute to the injuries causing his death. 14. That the defendants were negligent in the following particulars, all of which concurred in causing the injuries and damages herein complained of: (a) In permitting said vehicle to be used by . . deceased in a defective condition without warning . . said servant of the dangerous condition thereof in violation of section 66-301 of the Code of Georgia as follows: [Here said section, which states the duties of a master to his servant, is set out in full]. (b) In failing to properly repair the lighting system on said vehicle after notice of the defective condition had been given to the defendants. (c) In failing to properly adjust and repair the brakes . . after notice of defective condition had been given to the defendants. (d) In instructing . . deceased to drive said vehicle in a defective con-

dition when said condition was unknown to said servant and should have been known to the defendants after warning had been given by the deceased. (e) In furnishing to the deceased dangerous instrumentalities when upon proper inspection the dangerous condition thereof would have been apparent to the defendants. (f) In failing to warn and instruct the servant of the dangerous and defective condition of said vehicle. (g) In failing to properly repair the said vehicle. (h) In failing to properly inspect said vehicle before instructing servant to use same."

While that part of the judgment sustaining some of the special demurrers to the petition was not excepted to and has become the law of the case (*Central of Ga. Ry. Co.* v. *Waldo,* 6 *Ga. App.* 840 (2), 65 S. E. 1098), these demurrers do not go to the petition as a whole, and the fact that they were sustained has no bearing on the petition when considered on the general demurrer. See in this connection *McSwain* v. *Edge,* 6 *Ga. App.* 9, 11 (2) (64 S. E. 116). Therefore we deem it only necessary to set out substantially those demurrers that were overruled. They follow by paragraph: 1. The petition does not show a cause of action against the defendants. "4. That the allegations in paragraph 10 of said petition reading, 'That the said failure of the lights did cause the deceased to be left upon the said highway in complete and total darkness and thereby did cause him to run off of said road down an embankment, the said accident causing the death of Walter M. Zeigler,' are vague, indefinite, uncertain, lacking in particularity, and should be stricken, in that it was not alleged how far said truck ran on the highway before running down said embankment, nor why the driver could not stop said truck before running down said embankment, nor does it allege anything that said driver did after the lights went out to avoid the accident; it is not shown whether the road at said point was wide or narrow; said allegations are mere conclusions of the pleader and not predicated on any facts alleged in the petition; for all of which reasons said allegations should be stricken. 5. That the allegations in paragraph 12 of plaintiff's petition reading, 'Said truck . . became uncontrollable as a result of said defective condition, causing the death of the said Walter M. Zeigler,' are vague, uncertain, and indefinite in that it is not shown how or in what manner said truck became uncontrollable, nor how said defects contributed to the driv-

er's lack of control; and further that said allegations are merely conclusions of the pleader and not predicated on alleged facts. 6. That the allegations of paragraph 13 of plaintiff's petition reading, 'The said Walter M. Zeigler was working as instructed and did not contribute to the injuries causing his death,' should be stricken as mere conclusions of the pleader and not predicated on alleged facts."

That part of the court's judgment overruling the defendants' demurrers to the petition follows: "The general demurrer is hereby overruled. . . Paragraphs 4, 5 and 6 of the special demurrer are overruled." Since, if any of the special demurrers was *erroneously* overruled the petition must be construed as if such demurrer had been sustained, and if so viewing the petition it was insufficient to withstand the general demurrer the judgment overruling the general demurrer should be reversed (*Southern Grocery Stores Inc.* v. *Childs,* 174 *Ga.* 888 (2), 164 S. E. 766), the special demurrers will be considered first. "Reasonable definiteness and certainty in pleading is all that is required; and factitious demands by special demurrer should not be encouraged." *Busby* v. *Marshall,* 3 *Ga. App.* 764 (60 S. E. 376). "The special demurrer is rapidly outliving its usefulness. The law looks at substance rather than form. The legitimate function of a special demurrer is to compel the pleader to disclose whether he really has a cause of action or defense. The requirement [of Code, § 81-101] that a plaintiff shall 'plainly, fully, and distinctly' set forth his ground of complaint does not mean that he shall disclose the evidence upon which he relies, or indulge in needless particularity, but means only that his demand shall be set forth in terms sufficiently full and distinct to enable the court to determine whether a cause of action exists, and his adversary to understand the exact nature of the claim made against him." *Fuller* v. *Inman,* 10 *Ga. App.* 680, 693 (3) (74 S. E. 287). See also *Page* v. *Virginia-Carolina Chemical Co.,* 62 *Ga. App.* 727, 729 (9 S. E. 2d, 857), and cit. Under the foregoing rules we hold that the court did not err in overruling paragraph 4 of the demurrer to paragraph 10 of the petition. We think, however, that the court erred in overruling paragraph 5 of the demurrer to paragraph 12 of the petition. The word "uncontrollable" means "incapable of being controlled; ungovernable" (Webster's International Dictionary), and has a different significance from the averment in par. 10 of the petition

that the lights of the truck suddenly and unexpectedly went out and left the deceased in total darkness, causing him "to run off the said road down an embankment." In this connection it will be observed that the petition nowhere discloses in what manner the alleged defect in the brakes of the truck caused it to become uncontrollable, or, indeed, that such defect had any part in causing the accident. We do not think that the court erred in overruling paragraph 6 of the demurrer to paragraph 13 of the petition.

While it is true that where a special demurrer has been erroneously overruled the petition as a whole must be construed as if that demurrer had been sustained (*Southern Grocery Stores Inc.* v. *Childs,* supra), the erroneous ruling on the special demurrer here does not go to the entire case and does not affect our consideration of the general demurrer. Code § 66-301 requires the master to exercise ordinary care "in furnishing machinery equal in kind to that in general use, and reasonably safe for all persons who operate it with ordinary care and diligence," and that "if there are latent defects in machinery, or dangers incident to an employment, unknown to the servant, of which the master knows or ought to know, he shall give the servant warning in respect thereto." Code, § 66-303, in so far as applicable to the instant case, reads: "A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. In suits for injuries arising from the negligence of the master in failing to comply with the duties imposed by section 66-301, in order that the servant may recover it must appear that the master knew or ought to have known of the . . defects or danger in the machinery supplied; and . . that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof." But, "If the servant complains to the master that the instrumentality appears to be dangerous, and thereupon the master commands him to proceed with the work and assures him that there is no danger, then, unless the danger is so obvious and manifest that no prudent man would expose himself thereto, the law implies a quasi new agreement whereby the master relieves the servant from his former assumption of risk, and places responsibility for resulting injuries upon the master." *International Cotton Mills* v. *Webb,* 22 *Ga. App.* 309 (3) (96 S. E. 16), and cit. See also *Bush* v. *West Yel-*

*low Pine Co. 2 Ga. App.* 295 (58 S. E. 529). In the third head-note of the case last cited this statement occurs: "Unless the exposure to the danger is obvious and rash, the question whether the servant under the circumstances has been guilty of a breach of due care is for the jury."

"As a general rule, a servant is under no obligation to inspect the appliances about which he works . . for the purpose of discovering concealed dangers which would not be disclosed by superficial observation." *Southern Cotton-Oil Co.* v. *Dukes,* 121 *Ga.* 787 (2) (49 S. E. 788); *Duke* v. *Bibb Mfg. Co.,* 120 *Ga.* 1074 (48 S. E. 408); *Southern Cotton-Oil Co.* v. *Gladman,* 1 *Ga. App.* 262 (58 S. E. 249). The duty of inspecting for defects is one of the absolute duties of the master, and, "primarily, the servant's means of knowledge of latent defects are not to be considered as equal to those of the master." *Hubbard* v. *Macon Ry. & Light Co.,* 5 *Ga. App.* 223, 225 (62 S. E. 1018). "A defect in a machine may be described by showing that the machine was in such condition that it produced certain definitely described results which a machine not defective would not and should not produce. It is not necessary to describe minutely or particularly the physical appearance of the parts alleged to be defective." *Charleston & Western Carolina Ry. Co.* v. *Attaway,* 7 *Ga. App.* 231 (66 S. E. 548). "Even in pleading it is not necessary that the negligent deficiency be described in structural terms; a deficiency may be sufficiently alleged by stating that the particular contrivance was so constructed or maintained that it gave forth a result which it was designed to prevent, and which such contrivances, as they are usually constructed and maintained, do prevent." *Hubbard* v. *Macon Ry. & Light Co.,* supra; *Georgia Railway & Electric Co.* v. *Reeves,* 123 *Ga.* 697, 702 (3) (51 S. E. 610); *Armour & Co.* v. *Miller,* 39 *Ga. App.* 228, 235 (147 S. E. 184). "In an action for damages by an employee against his employer, under the general law of master and servant as existing in this State, based upon an injury resulting from a latent defect in machinery with which the plaintiff is employed to work, if the petition fails to allege in express terms that the master knew, or by the exercise of ordinary care could have known, of the defect, and failed to warn the servant thereof, and fails to allege that the servant did not have equal means with the master of knowing of the defect, the petition will not be subject to general de-

murrer on the ground of the absence of such allegations, if it contains other allegations which in substance import such knowledge upon the part of the master and unequal means on the part of the servant of knowing the defect." *Lawrenceville Oil Mill* v. *Walton,* 143 *Ga.* 259 (84 S. E. 584), and cit.; *Louisville & Nashville R. Co.* v. *Dobbs,* 38 *Ga. App.* 239 (143 S. E. 601).

"In determining what is proximate cause, the true rule is, that the injury must be the natural and probable consequence of the negligence; such a consequence as under the surrounding circumstances of the case might and ought to have been foreseen by the wrongdoer as likely to flow from his act." *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152, 156 (42 S. E. 395, 59 L. R. A. 109). But while "the injury must be the direct result of the misconduct charged . . , it will not be considered too remote if, according to the usual experience of mankind, the result ought to have been apprehended." *Southern Ry. Co.* v. *Webb,* supra; *Norris* v. *American Ry. Express Co.,* 156 *Ga.* 150, 153 (118 S. E. 686). Diligence and negligence, including contributory negligence, and proximate cause, are ordinarily peculiarly for the jury, and this court will decline to solve on demurrer "except where such questions appear palpably clear, plain, and indisputable." *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (3) (154 S. E. 718), and cit. "Relatively to the law of pleading, a cause of action is some particular legal duty of the defendant to the plaintiff, together with some definite breach of that duty which occasions loss or damage." *Ellison* v. *Ga. R. Co.,* 87 *Ga.* 691, 699 (13 S. E. 809). "The test of the sufficiency of a petition to resist a general demurrer is the ability of the defendant to admit all that is alleged therein and yet escape liability altogether. A general demurrer to the petition should not be sustained and the suit dismissed because the plaintiff would not be entitled to recover all he asks, if the petition sets up a good cause of action as to any portion of his demand." *Douglas, Augusta & Gulf Ry. Co.* v. *Swindell,* 2 *Ga. App.* 550 (59 S. E. 600). Under the foregoing rulings the court did not err in overruling the general demurrer to the petition. Paragraphs 4 and 6 of the demurrer to paragraphs 10 and 13, respectively, of the petition were properly overruled, but paragraph 5 of the special demurrer to paragraph 12 of the petition was erroneously overruled.

*Judgment affirmed in part and reversed in part. MacIntyre and Gardner, JJ., concur.*