1. "One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence." Epps v. Parrish, 26 Ga. App. 399
(106 S.E. 297); Harris v. Reid, 30 Ga. App. 187 (117 S.E. 256); Peavy v. Peavy, 36 Ga. App. 202 (136 S.E. 96); Lee v. Lott, 50 Ga. App. 39, 42 (177 S.E. 92); Atlantic Ice Coal Cor. v. Newlin, 56 Ga. App. 428 (192 S.E. 915).
2. Gross neglect is the want of "that care which every man of common sense, howsoever inattentive he may be, takes of his own property." Code, § 105-203. "While this and the preceding sections define the different degrees of diligence and negligence in terms of property, the rules thus codified have been `recognized as extending with equal force to diligence to prevent injury to the person.' Alabama Midland Ry. Co. v. Guilford, 119 Ga. 523, 525 (46 S.E. 655, 656)." Harris
v. Reid, supra; Frye v. Pyron, 51 Ga. App. 613 (2) (181 S.E. 142); Capers v. Martin, 54 Ga. App. 555 (2) (188 S.E. 465).
3. "Questions of negligence and diligence, even of gross negligence and slight diligence, usually are matters to be determined by the jury," which the court can not determine as a matter of law except in plain and indisputable cases. Rosenhoff v. Schaul, 42 Ga. App. 776, 779 *Page 39 
(157 S.E. 215); Rowe v. Camp, 45 Ga. App. 794
(165 S.E. 894); Capers v. Martin, supra.
4. Under the allegations of the petition the questions as to whether the alleged negligence of the defendant, with whom the plaintiff was riding as a gratuitous guest, or that of a third person, with whose car the defendant's car collided at night on a public highway, was the proximate cause of the plaintiff's injury, and whether, if the alleged negligence of the defendant was the proximate cause of such injury, the negligence was the failure of the defendant to exercise even slight care, amounting to gross negligence, were properly for the determination of the jury. Under the authorities above cited, the petition set forth a cause of action, and the court did not err in overruling the defendant's general demurrer.
Judgment affirmed. Stephens, P. J., concurs. Felton, J.,dissents.
 DECIDED SEPTEMBER 24, 1942.
 STATEMENT OF FACTS BY SUTTON, J.
Russell Shirley, by Mrs. Paul G. Herrington as next friend, brought suit against Mrs. Leila J. Moore to recover damages because of injuries alleged to have been sustained by him on account of the gross negligence of the defendant, the petition alleging: On September 5, 1941, at about 10 p. m. the plaintiff, aged thirteen, was riding as an invited guest of the defendant on the rear seat of an automobile owned and being driven by her along the paved State highway between Glennville and Reidsville in Tattnall County at approximately sixty miles an hour and sustained described injuries when the said car collided with another automobile, operated by one J. T. Weitman, at a point about five miles north of Glennville and directly in front of the west entrance of a drive-in, commonly known as the "Racetracks." The said highway extends in the general direction of east and west at that point, and is divided by a highway center line. The defendant was operating the automobile west along the northern side of the highway, that is, to the north of the center line. Weitman was operating his automobile east along the southern side of the highway, that is, to the north of the center line. Weitman was operating his automobile east along the southern side of the highway, that is, south of the center line, immediately before the collision. The lights on his car were in proper focus and were brightly shining at the said time and place. When his car arrived at a point about one car length west of the west entrance of the said drive-in, while traveling at approximately five miles an hour, Weitman turned the car towards the west entrance to enter *Page 40 
the same, after having given the proper hand signal, his lights being thrown northeasterly across the highway, and just as his car had crossed the middle of the north half of the highway it was suddenly, unexpectedly, and without previous warning, struck by the automobile of the defendant and knocked down the highway some twenty feet, the right front part of the defendant's car hitting Weitman's car just in front of the right rear wheel. The said "Racetracks" is a combination drive-in, dancing hall, eating place, gasoline station, race track, and community center which enjoys a large clientele and patronage, and on the occasion involved was brilliantly lit up within by electric lights and outside by flood lights, music was playing, and hundreds of people were in attendance upon the dance then in progress, being inside dancing, going in and out, sitting outside in parked cars, and otherwise milling about the premises, and many cars were parked at and around the drive-in, cars were entering and leaving the premises, and there was much traffic at and near the entrances thereto at all times herein mentioned.
The drive-in was visible both ways on the highway for at least a quarter of a mile and presented an unusually brilliant and attractive appearance on the night in question, it being on an isolated portion of the highway and was the only well-illuminated place for at least a mile east and west thereof at the time in question. The defendant could easily have known of the large crowd at said place, long before her car arrived near the premises, because of the brilliance thereof and the traffic moving in and out, and the defendant knew of the likelihood of east-bound traffic turning into the drive-in at the time, but instead of reducing the speed of her automobile she continued to hold the speed of approximately sixty miles an hour until she collided with the car of Weitman. The State speed law of force at the time was fifty-five miles an hour, and there was of force at the time a State law, Code Supp. § 68-301(a) regulating traffic as follows: "No person shall operate a motor vehicle upon any public street or highway at a speed that is greater than is reasonable and safe, having due regard to the conditions then existing, including the width, grade, character, traffic, and common use of such street or highway, or so as to endanger life or limbs, or property in any respect whatsoever." *Page 41 
When Weitman turned his car into the drive-in, after having given the proper signal and having his headlights thrown across the highway, he had ample time to clear the highway (assuming, as under the law he had a right so to do, that westbound traffic and especially the defendant would heed the said speed law and the regulations set forth in said § 68-301 (a) as aforesaid), and but for a fraction of a second would have cleared the same before being struck by the defendant's car. The defendant did not slacken the speed of her car before hitting the car of Weitman, was not keeping and maintaining a constant and vigilant lookout ahead at the time, did not turn her car either to the right or left to avoid striking the car of Weitman, and was driving in her stocking feet at the time. She was not familiar with the highway at the time, having become lost just previously to the collision. She was driving five children back home to Atlanta from a trip to Fort Barrington, a distance of about three hundred miles, having commenced the journey after dark, there having been no compelling reason why the trip could not have been begun in ample time to avoid night travel or put off until the following morning for the same reason. The turning of Weitman's car into the drive-in could have reasonably been expected and anticipated by the defendant. The plaintiff had no control whatsoever over the operation of the defendant's car, but was in the exercise of all care in keeping with his age and discretion.
The defendant was negligent: (a) in commencing the trip at night; (b) in driving without shoes; (c) in failing to keep a constant and vigilant lookout ahead; (d) in failing to slacken speed upon approaching the congested area; (e) in failing to turn her car either to the right or left to avoid hitting the other car; (f) in failing to warn the driver of the other car of the dangerous and hazardous approach of her car; (g) in driving in excess of the State speed law; (h) in disregarding the regulations of the Code, § 68-301(a), hereinbefore set forth; all of which recklessness, carelessness, and want of care amounted to gross negligence under the circumstances and proximately caused and brought about the plaintiff's injuries as described in the petition.
The defendant filed general and special demurrers to the petition. The court, without passing on the special demurrers, overruled *Page 42 
the general demurrer, and the exception here is to that judgment.