31060. LOUDERMILK *v.* TERRELL *et al.*

DECIDED NOVEMBER 21, 1945.

196

*H. T. Oliver,* for plaintiff.

*Grover Middlebrooks, C. M. McClure,* for defendants.

PARKER, J. Since the plaintiff relies altogether on the alleged negligence of the defendants in their failure to use the X-ray equipment owned by the Stephens County Hospital instead of their own X-ray equipment, we cannot consider any other allegation of negligence. Those relating to this ground of negligence may be summarized as follows: that there is an X-ray machine in the office of the defendants and one in the Stephens County Hospital, both of which are used by the defendants in their profession; that the defendants had mechanical trouble with their X-ray machine both before and after the picture was made of the plaintiff; that the defendants knew or should have known that the X-ray machine in their office was not in mechanical condition to take the said X-ray picture of the plaintiff, but proceeded with said knowledge to make a picture, resulting in the injury to the plaintiff; that the defendants could have used the X-ray machine in the hospital in taking the picture, and in using an inferior machine with access to a better machine the defendants failed to exercise due care, skill, and diligence in performing their professional duty.

The demurrers to these allegations in substance were that they set out no issuable facts, and were mere conclusions, without supporting allegations of facts, and did not show what the mechanical trouble was with the machine they used, or how it contributed to or caused the injury.

In passing on a general demurrer, the petition must be construed most strongly against the pleader. *Lee* v. *Malone,* 55 *Ga. App.* 821 (191 S. E. 494); *Liberty Mutual Ins. Co.* v. *Lipscomb,* 56 *Ga. App.* 15 (2) (192 S. E. 56). The allegations of negligence depended on by the plaintiff, and the demurrers challeng-

ing their sufficiency to state a case, all speak for themselves and require no elaboration by us. Under the well-settled rules of practice in the cases cited, we think it apparent that the demurrers were properly sustained by the trial court. See *Bryan* v. *Grace*, 63 *Ga. App.* 373 (2) (11 S. E. 2d, 241).

*Judgment affirmed.* *Sutton, P. J., and Felton, J., concur.*