33631, 33647. TRAMMELL *v.* MATTHEWS; and *vice versa.*

DECIDED JULY 16, 1951.

334

*Hardin & McCamy*, for plaintiff.

*Isaac C. Adams, C. Ernest McDonald*, for defendant.

GARDNER, J. ■ Plaintiff's petition, as amended, was not subject to the grounds of general demurrer urged. It appeared from the petition that the plaintiff's husband sustained injuries, as a result of the alleged negligence of the defendant, from which he died, and that he would not have been so injured had the defendant not been guilty of the negligence charged.

Questions of negligence are ordinarily jury questions and not questions of law for the court. *Rome Ry. & Light Co.* v. *King*, 30 *Ga. App.* 231 (117 S. E. 464). The plaintiff alleged, among other salient acts of negligence, that had the defendant placed proper warnings at the point where the detour went around the place where the bridge was out, the driver of the car in which her husband was riding, would not have passed the detour and gone through the partial road block and then into the place where the bridge was out. This was a question for the jury. The plaintiff alleged that the partial road block was not such as to warn persons that the bridge was out ahead and the road impassable and that it appeared from the truck tire marks there that the same was in use, and there was nothing to prevent the driver of the car in which her husband was a passenger from assuming that he could use the road, as other cars were apparently using the same. It was alleged that had the proper lighted signs and warnings been placed to warn those using the highway at this point of this bridge being out, the injury would have been prevented. The driver of the car was not familiar with this road, not being a native of this part of the country, and neither was the plaintiff's husband. The plaintiff alleged that the condition of the highway and all the attendant facts and circumstances were such that ordinary care required that proper lighted signs and warnings be placed

to prevent persons from using this partial road block and so that they could see the detour, which was dark pavement of similar appearance to that of the highway. A jury would be authorized to find that it was negligence under the circumstances for the defendant to have failed to place proper barricades, lighted signs and warnings at this road block and detour and as the highway approached the detour from the south.

In *Doby* v. *W. L. Florence Construction Co.*, 71 *Ga. App.* 888 (32 S. E. 2d, 527), this court ruled that "where highway contractors undertake to barricade a public road temporarily for some proper purpose, they should give warning thereof." In the body of the opinion the court said, "Where a highway contractor undertakes to barricade a public road temporarily, for some proper purpose, he should give warning thereof. This rule applies when the contractor is making repairs or improvements, and such temporary obstruction (closing the public road to travel while the repairs are under way) must be of a character, and maintained in such a way as to protect persons traveling along the public road, in an ordinarily prudent manner from injury." Applying this principle to the case at bar, a jury would be authorized, under the petition, as amended, in finding that the defendant contractor failed to give the proper warning to persons approaching this partial road block and detour where the bridge was out and a new one being constructed, and that the plaintiff's injuries resulted from this failure. In *State Construction Company* v. *Johnson,* 82 *Ga. App.* 698 (62 S. E. 2d, 413), this court held to the effect that a contractor constructing a bridge owes a duty to the public to exercise ordinary care to protect the public from injuries arising by reason of said construction. A breach by a road contractor defendant of his duty to erect proper barriers and signs constitutes actionable negligence. See note 7 A. L. R. 1204.

It appeared from the plaintiff's petition, as amended, that the way ahead of the driver of this car was not clear, that it was yet dark, and the road was not straight as one approached this partial road block from the south; that the detour was the same color as the paved road; that the partial road block was not sufficient and adequate to prevent one from assuming

that the road could be used, and that neither the plaintiff's husband nor the driver of the car was guilty of such negligence as would bar a recovery by the plaintiff for the death of her husband, who was a passenger in the car. The driver of the car had a right to assume that the road ahead of him was clear. *Mathis* v. *Nelson*, 79 *Ga. App.* 639, 642 (54 S. E. 2d, 710).

The plaintiff's petition, as amended, setting forth facts authorizing submission to a jury, it was not error for the court to overrule the general demurrers thereto interposed by the defendant.

■ The plaintiff's petition, as finally amended, was not subject to the grounds of special demurrer urged by the defendant except as hereinafter noted. The amendments met those grounds of special demurrer which were well taken. The plaintiff is not required to do more than plainly, clearly and distinctly set forth the alleged cause of action, and to clearly and distinctly allege the facts on which his conclusions of law are based, and this the plaintiff did. The plaintiff was not required to go into minute detail as to the facts and to allege her proof. The petition, as amended, sufficiently gave the facts on which the plaintiff's cause was predicated to enable the defendant to properly prepare his defense to the contentions of the plaintiff. The court did not err in overruling the grounds of special demurrer, on which error is assigned by the defendant.

■ The court sustained two of the special demurrers of the defendant and struck paragraphs 26 and 35(d) of the petition, and the plaintiff excepted pendente lite, assigning error thereon in the cross-bill of exceptions. Paragraph 26 is that "with increasing years and added experience his earning capacity (referring to the plaintiff's husband) should have increased to $300 per month or other large sum." The court did not err in striking this paragraph from the petition, it not appearing how or wherein the earning capacity of the plaintiff's husband should have increased.

It was error to strike paragraph 35(d) wherein the plaintiff set up as a specification of negligence that it was negligence for the defendant to fail to have a watchman stationed at this detour and partial barricade or road block to warn the driver of the car against proceeding northward.

It is a jury question under all the facts and circumstances under the petition as to whether it was the duty of the defendant to place a watchman there, if lights, signs and warnings and other surrounding conditions would not have sufficed as a proper warning.

*Judgment affirmed on the main bill of exceptions, and the cross-bill of exceptions affirmed in part and reversed in part. MacIntyre, P. J., and Townsend, J., concur.*