## 36119.   ROGERS *v.* JOHNSON.

Decided November 21, 1956.

*Earle Norman, Erwin, Nix, Birchmore & Epting,* for plaintiff in error.

*Colley & Orr,* contra.

QUILLIAN, J. For convenience of expression, in this opinion the plaintiff in error will be referred to as the defendant, E. W. Johnson as the deceased, Burl Johnson, Jr., as the deceased's driver, and the defendant in error, Mrs. Lucy Chafin Johnson, as the plaintiff.

■ The petition in a negligence case, such as the one at bar, is sufficient as against general demurrer when it shows that failure on the defendant's part to exercise the degree of care required of him was the proximate cause of damage done the plaintiff, and does not affirmatively reveal that the plaintiff, or those whose conduct is imputable to him, failed to employ ordinary prudence to avoid the consequences of the defendant's negligence. *A. C. L. R. Co.* v. *Sellars,* 81 *Ga. App.* 381, 386 (59 S. E. 2d 24).

■ The petition in a negligence case may disclose that the action is barred by reason of the plaintiff, even before he knew or could have known of the defendant's negligence, having placed himself in a position of such obvious peril that a man of common sense might reasonably have anticipated that he would be injured even if others acted with the prudence the law required of them.

No such factual situation is presented by the averments of the petition in this case, and we merely mention this rule so that it may not be confused with those we hold applicable here. Several rules pronounced by our appellate courts are pertinent in determining whether the petition revealed negligence imputable to the plaintiff, debarring her recovery.

■ The plaintiff's right to recover for the death of her husband is the same as his would have been to recover for injuries sustained by her had he survived the collision. That which would bar his recovery would defeat her action. *Bassett* v. *Callaway*, 72 *Ga. App.* 97 (33 S. E. 2d 112).

■ It must be recognized that in the factual situation shown by the petition, the negligence of the husband's driver, Burl Johnson, Jr., was imputable to the deceased and likewise to the plaintiff. *Mayor &c. of Savannah* v. *Waters*, 27 *Ga. App.* 813 (1) (109 S. E. 918). We will consequently discuss the negligence of the deceased's driver as though he were the plaintiff in the case.

■ Ordinarily, no duty devolves upon the plaintiff to avoid the consequences of the defendant's negligence until he knows, or by the exercise of ordinary care could discover, that he is exposed to the perils created by such negligence. *W. & A. R. Co.* v. *Ferguson*, 113 *Ga.* 708 (2) (39 S. E. 306, 54 L. R. A. 802); *Crawford* v. *W. & A. R. Co.*, 51 *Ga. App.* 150 (179 S. E. 852).

Other rulings immediately bearing upon the question of the plaintiff's case in the premises are those relating to a driver's duty to observe and avoid obstacles upon the highway. A driver of a motor vehicle must anticipate that the roadway ahead may be obstructed by objects normally and legally found to be across the road, such as other motor vehicles being driven in a lawful and prudent manner from one side of the road to the other in the process of entering side roads or driveways. *Kirkland* v. *Wheeler*, 84 *Ga. App.* 352, 354 (66 S. E. 2d 348). However, a driver is not bound to anticipate the presence of objects on the roadway that are illegally or negligently placed, such as barriers or road machinery. *Trammel* v. *Matthews*, 84 *Ga. App.* 332, 337 (66 S. E. 2d 183). The law does not require that a driver of a motor vehicle in ordinary circumstances be able to stop the vehicle within the range of his vision (a rule the writer does not

approve). *Bach* v. *Bragg Bros.*, 53 *Ga. App.* 574 (186 S. E. 711).

The contrary not appearing from the petition, it is presumed that the road ahead of the plaintiff was straight, the weather clear and his lights capable of throwing beams that would reveal objects on the roadway ahead of the automobile. *Bassett* v. *Callaway*, 72 *Ga. App.* 97, supra.

The decisions referred to are in perfect harmony. They mean no more than that whether the obstruction on the road be lawfully or unlawfully there, the driver of a motor vehicle must employ the care of an ordinarily prudent person exercised under similar circumstances to ascertain the presence of and avoid collision with such objects. As was well said in the case of *Davies* v. *West Lumber Co.*, 32 *Ga. App.* 460 (1) (123 S. E. 757): "The motor-vehicle act (Ga. L. 1921, pp. 256-258; Park's Code Supp. § 828 a et seq.) 'imposes certain statutory duties upon drivers of automobiles, with reference to persons and property using the highway in the ordinary course of travel. These are cumulative, and do not destroy the common-law duties of drivers of automobiles relatively to persons and property using the highway. The duty at common law of a driver of an automobile, relatively to persons and property on the highway, is to exercise ordinary care to avoid injuring them. . . The standard of ordinary and reasonable care is invariable, such care being that of every prudent man. . . But the care of a prudent man varies according to the circumstances, dependent upon the degree of danger.' *Giles* v. *Voiles*, 144 *Ga.* 853 (1), 855 (88 S. E. 207); *Central R. Co.* v. *Ryles*, 84 *Ga.* 420 (11 S. E. 499); *Central of Ga. Ry. Co.* v. *Hartley*, 25 *Ga. App.* 110 (6) (103 S. E. 259); *Fincher* v. *Davis*, 27 *Ga. App.* 494 (5) (108 S. E. 905). But whatever the driver's duty, in the exercise of the ordinary diligence required by law, may be as to manifesting especial alertness and precautions, when traversing a frequented city street, in anticipating and detecting the presence of pedestrians and avoiding injury to them, it is for the jury to apply the unvarying standard of ordinary care to the facts and exigencies of each particular case; and it would have been erroneous to charge in effect that an automobile driver must exercise extraordinary care in any such particular exigency. *Giles* v. *Voiles*, supra."

So it is, as to whether the obstruction on the public thorough-

fare is of such nature as a driver would ordinarily expect to be there, ordinary care requires him to be more alert to discover its presence than to discover an object that a reasonably careful person would not normally anticipate must confront him as he drives along.

While recognizing the rule pronounced in *Bassett* v. *Callaway*, 72 *Ga. App.* 97, supra, that the operator of a motor vehicle is presumed, the contrary not appearing, to have a clear view of unilluminated objects on the road that come within the range of the lights of his vehicle (lights conforming to requirements of law), we are of the opinion that the presumption should not be extended to require the driver to be able to discover the shifting positions of such objects, particularly where the objects move gradually from one position to another. The petition showed that the defendant's automobile had attached to it and was drawing after it a 32-foot trailer. Clearly a left turn of the vehicle across the road would of necessity be negotiated gradually.

The rule is well established that "diligence and negligence, including contributory negligence and proximate cause, are ordinarily peculiarly for the jury," and this court will decline to solve such questions on demurrer, except where they appear palpably clear, plain and indisputable. *Alford* v. *Ziegler*, 65 *Ga. App.* 294 (16 S. E. 2d 69) ; *Moore* v. *Shirley*, 68 *Ga. App.* 38 (3) (21 S. E. 2d 925) ; *Georgia Power Co.* v. *Blum*, 80 *Ga. App.* 618 (57 S. E. 2d 18).

It must be concluded that since the defendant's automobile was drawing a trailer after it, the automobile necessarily preceded the trailer while approaching the deceased's automobile from the opposite direction and obscured the trailer from the view of the deceased's driver so that he could not be able to know of the trailer's presence on the road until the defendant's automobile, in the process of making the left turn into the filling station lot, gradually revealed the trailer following it.

We think the factual situation made to appear by the averments of the petition presents a question as to whether the plaintiff's action is barred by the failure of the deceased's driver to exercise ordinary care to avoid the consequences of the defendant's alleged negligence, which is properly for determination by a jury rather than by the court on demurrer. *Adams* v. *Jackson*, 45 *Ga. App.* 860 (4) (166 S. E. 258).

■ None of the special grounds of demurrer have merit except ground 5. The specification of negligence demurred to reads: "And in failing and refusing to take any reasonable precautions and in failing to exercise any degree of care or diligence, to protect other persons traveling on the highway, while driving his automobile and house trailer from the right-hand side of said highway to the left thereof, entirely blocking said highway as to all traffic approaching from the opposite direction." Ground 5 of the demurrer reads: "Defendant demurs specially to subparagraph (d) of paragraph 16 of plaintiff's petition for the reason that nowhere in said paragraph or in said petition does plaintiff set forth the 'reasonable precaution' which she alleges defendant failed and refused to take in said subparagraph."

In *Atlanta &c. R. Co.* v. *Whitehead*, 31 *Ga. App.* 89 (119 S. E. 539), it was held: "Mere general allegations that the fire was caused by the careless and negligent operation of the train, without averring any particular causal defect in the machinery used, or any special lack of care in the operation of the train, while sufficient as against general demurrer, renders the petition subject to a timely special demurrer." And in *Carter* v. *Powell*, 57 *Ga. App.* 360 (3) (195 S. E. 466), it was held: "The allegation contained in the petition, 'that said engineer failed to otherwise exercise due care in approaching said crossing in order to avoid doing injury to any person or property upon said crossing, and in order to avoid doing injury to petitioner at said crossing as alleged,' was subject to the special demurrer that it was a conclusion of the pleader." Again, in *American Thread Co.* v. *Rochester*, 82 *Ga. App.* 873 (2) (62 S. E. 2d 602), it is said: "But a petition containing only such general allegations of negligence is not sufficient to withstand a special demurrer setting up that it fails to set forth any specific act of negligence."

The subparagraph quoted above and criticised by the defendant's demurrer was so general and lacking in particularity that, had it not been demurred to, the plaintiff might have supported it by proof of any conceivable act of negligence on the defendant's part. Thus it did not put the defendant on notice of what issue might be submitted to the jury or what contention as to his negligence he would have to defend against. We think that ground 5 of the special demurrer called for information to which

the defendant was entitled, and that the court erred in overruling it. The function of a special demurrer is to define the scope of the pleadings and fix the range of the evidence. The plaintiff invokes the rule that general conclusions of negligence are to be construed as relating to and being supported by the specific acts of negligence; but the rule does not apply when the general allegations of negligence are set forth as separate, independent charges or specifications of negligence. *Carter* v. *Powell*, 57 *Ga. App.* 360, supra, at page 372.

While the error in this ruling clearly appears, the question as to whether the error was prejudicial to the defendant is more difficult.

Ordinarily, error is presumed hurtful unless it appears to have had no effect upon the result of the trial. This court held in *Loudermilk* v. *Terrell*, 73 *Ga. App.* 194, 196 (35 S. E. 2d 926), that where the plaintiff in a negligence case relies only upon particular specifications of negligence, only errors concerning them can be considered in deciding whether a new trial will be granted. There were three specifications of negligence, other than that which we hold subject to special demurrer, set forth in paragraph 16 of the petition. The proof of any of these authorized the submission of the case to the jury. The evidence introduced on the trial of the case did not establish any fact in reference to any lack of prudence on the defendant's part, except the acts charged in these three specifications of negligence. We believe under the holding in *Loudermilk* v. *Terrell*, supra, and a similar pronouncement of the same principle in *Burnsed* v. *Spivey*, 52 *Ga. App.* 646 (184 S. E. 410), the error in overruling the ground of demurrer referred to must be held to have been harmless.

■ This brings us to the question as to whether the verdict was supported by evidence. The case is a close one on the issues of whether the defendant was negligent, whether the lack of care on the part of Burl Johnson, the deceased's driver, was such as debars the plaintiff's recovery, and as to whether Burl Johnson's negligence or that of the defendant was the proximate cause of the fatal collision. The evidence as to each of these issues appeared to preponderate in favor of the defendant, but the plaintiff's evidence was sufficient to create a question of fact as

to each of the issues mentioned. This court laid down the rule in *Callahan* v. *Cofield,* 61 *Ga. App.* 780 (5) (7 S. E. 2d 592), as follows: "Except in plain and indisputable cases, what negligence as well as whose negligence constitutes the proximate cause of an injury is for determination by the jury under proper instructions from the court."

There was no issue as to the marital status of the plaintiff and the deceased, or as to earning capacity and age. The evidence must be held to have supported the verdict.

*Judgment affirmed. Felton, C. J., Gardner, P. J., Townsend, Carlisle and Nichols, JJ., concur.*