37769.   SHEPPARD *v.* MARTIN.

DECIDED SEPTEMBER 11, 1959.

*Allen & Edenfield, Francis W. Allen, B. Avant Edenfield,* for plaintiff in error.

*Neville & Neville, Wm. J. Neville, W. G. Neville,* contra.

GARDNER, Presiding Judge. It is true, as held in *Rogers* v. *Johnson,* 94 *Ga. App.* 666, 678 (96 S. E. 2d 285), cited by counsel for the defendant that the plaintiff's right to recover for the death of her husband is the same right as would have accrued to her husband had he survived the collision.

It is our opinion that the vehicle operated by the defendant was not exempted under the provisions of Code (Ann.) § 68-1701 (c). This case does not reflect facts on all fours with the

facts in *Southeastern Liquid Fertilizer Co.* v. *Mock*, 92 *Ga. App.* 270 (88 S. E. 2d 531). In that case a Farmall Tractor was involved. Here we have a fork lift, used to move lumber or timber. Code (Ann.) § 68-1502 (2b) defines a farm tractor as "every motor vehicle designed and used primarily as a farm implement for drawing plows, mowing machines, and other implements of husbandry." The vehicle in the instant case did not fall within the provisions of the exclusions as to certain farm vehicles hereinabove mentioned.

For the above reasons the question now before this court turns on whether or not the negligence of the defendant constituted the proximate cause of the plaintiff's injuries and damages, and whether or not the injury could have been avoided by care on the part of the plaintiff for his own safety.

It is true that ordinarily no duty devolves upon a plaintiff to avoid the consequences of the defendant's negligence until he knows, or by the exercise of ordinary care, could discover that he is exposed to perils created by the negligence of the defendant. See *Western & Atlantic R. Co.* v. *Ferguson*, 113 *Ga.* 708 (2) (39 S. E. 306, 54 L. R. A. 802); *Crawford* v. *W. & A. R. Co.*, 51 *Ga. App.* 150 (179 S. E. 852) and *Rogers* v. *Johnson*, 94 *Ga. App.* 666, supra. It is also true that a driver is not charged with the duty to anticipate illegal or negligently placed barriers on the roadway, or lack of legal barriers. See *Trammell* v. *Matthews*, 84 *Ga. App.* 332, 337 (66 S. E. 2d 183), and *Rogers* v. *Johnson*, supra. In the *Rogers* case, as in the case at bar, the question involved is whether or not the vehicle on the roadway was there lawfully or unlawfully; whether or not the vehicle was the proximate cause of the death of the plaintiff's husband, and whether or not the plaintiff's husband exercised sufficient care to provide for his own safety. It must be kept in mind that the care required of a prudent person is that care which is necessary under the particular circumstances involved. The rule has been thoroughly established by the appellate courts many times that negligence, whose negligence and what negligence are questions ordinarily peculiarly for the determination of a jury, and the appellate courts have declined time and time again to solve such questions on demurrer except in cases where such questions

appear palpably clear, plain and indisputable. See *Alford* v. *Ziegler*, 65 *Ga. App.* 294 (16 S. E. 2d 69); *Moore* v. *Shirley*, 68 *Ga. App.* 38 (3) (21 S. E. 2d 925); *Georgia Power Co.* v. *Blum*, 80 *Ga. App.* 618 (57 S. E. 2d 18); *Trammell* v. *Matthews*, supra, and *Rogers* v. *Johnson*, supra.

In view of this whole record these special demurrers are not meritorious and were properly overruled by the trial court.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*