37804. BUILDING INVESTMENTS, INC. *v.* JACKSON.

DECIDED DECEMBER 3, 1959.

828

*Smith, Swift, Currie & McGhee, W. S. Currie, James B. Hiers, Jr.,* for plaintiff in error.

*Adair & Goldthwaite, Clarence J. Jackson,* contra.

QUILLIAN, Judge. The allegations of the petition show the plaintiff occupied the status of an invitee on the defendant's premises and that the defendant failed to exercise ordinary care to keep the premises safe for her use. *Southern Ry. Co. v. Howard,* 9 *Ga. App.* 264 (70 S. E. 1124); *Coffer v. Bradshaw,* 46 *Ga. App.* 143 (6) (167 S. E. 119); *Smith v. Jewell Cotton Mill Co.,* 29 *Ga. App.* 461 (116 S. E. 17). The petition did not disclose, as contended by the defendant, a failure of the plaintiff on the occasion of her injury to exercise ordinary care. The allegation that water blending in color with the color of the walkway filled the crack or depression into which the plaintiff stepped, gave a plausible reason for her inability to discern the presence of the crack or depression. *Rich's, Inc. v. Townsend,* 94 *Ga.App.* 761 (96 S. E. 2d 332); *Pilgreen v. Hanson,* 94 *Ga. App.* 423 (94 S. E. 2d 752).

"The rule has been thoroughly established by the appellate courts many times that negligence, whose negligence and what negligence are questions ordinarily peculiarly for the determination of a jury, and the appellate courts have declined time and time again to solve such questions on demurrer except in cases where such questions appear palpably clear, plain and indisputable. See *Alford* v. *Ziegler*, 65 *Ga. App.* 294 (16 S. E. 2d 69); *Moore* v. *Shirley*, 68 *Ga. App.* 38 (3) (21 S. E. 2d 925); *Georgia Power Co.* v. *Blum*, 80 *Ga. App.* 618 (57 S. E. 2d 18); *Trammell* v. *Matthews*, [84 *Ga. App.* 332, 66 S. E. 2d 183], supra, and *Rogers* v. *Johnson*, [94 *Ga. App.* 666, 96 S. E. 2d 285], supra." *Sheppard* v. *Martin*, 100 *Ga. App.* 164, 166 (110 S. E. 2d 429).

"Questions as to negligence and contributory negligence are, except in plain and indisputable cases, for the determination of the jury, and where the allegations of the petition do not, even when construed against the pleader, demand the conclusion that the plaintiff's own negligence so preponderated as to preclude a recovery by her, this issue should be left for determination by a jury." *Shattles* v. *Blanchard*, 87 *Ga. App.* 15 (2) (73 S. E. 2d 112).

The trial court did not err in overruling the defendant's general demurrer to the petition as amended.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle, and Nichols, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. "In determining the sufficiency of the petition as against general demurrer, the first matter for consideration is whether the facts alleged showed such a want of care on the plaintiff's part to apprehend and avoid the alleged negligence of the defendant as to debar her right of recovery." *Misenhamer* v. *Pharr*, 99 *Ga. App.* 163, 166 (107 S. E. 2d 875). "It is to be remembered that a plaintiff is not required to allege facts showing that he exercised due care for his own safety, or that the injury was not the result of his own negligence; but his petition is sufficient to withstand a general demurrer where it alleges that his injury was the result of defendant's negligence, setting forth facts from which the jury might find that the defendant was negligent. However, if the facts alleged

by the plaintiff affirmatively show that his injuries were the result of his own negligence, or show that after discovering the negligence of defendant, or if the same could have been apprehended by the exercise of ordinary care upon plaintiff's part, plaintiff failed to exercise due care to prevent the consequences of defendant's negligence, that is, failed to exercise ordinary care for his own safety, then plaintiff could not recover." *Pollard* v. *Heard,* 53 *Ga. App.* 623, 626 (186 S. E. 894). "Upon demurrer, pleadings are to be construed most strongly against the pleader, and in the light of their omissions as well as their averments; and if an inference unfavorable to the right of a party claiming a right under such pleadings may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Chalverus* v. *Wilson Mfg. Co.,* 212 *Ga.* 612, 613 (1) (94 S. E. 2d 736) and cases cited. "In contradictory pleadings, the version most unfavorable to the pleader must be taken, as a pleading must be construed most strongly against the pleader." *Independent Life &c. Co.* v. *Pantone,* 80 *Ga. App.* 426 (1) (56 S. E. 2d 153).

The petition as amended alleged facts showing the plaintiff to be an invitee, and further alleged that she caught her shoe heel in a crack or depression of certain described dimensions in the walkway leading from the sidewalk to the entrance of the defendant's building; that she tripped and fell as a result thereof, suffering certain described injuries; that "said defective condition was not visible to plaintiff or the persons using said walkway except from above and within two (2) and three (3) steps away from defects, and upon information and belief said broken tile and cracked and depressed defects in said walkway had existed for a long time prior to said July 3, 1957"; that "on said morning rain had blown into and upon said open walkway causing the surface to be wet and causing the mortar joints between said tiles to blend in color with the reddish color tiles, causing said cracked and depressed area to be obscured and unnoticed by persons using said walkway, as a result of which plaintiff did not see said defects, and could not have seen said defects in the exercise of ordinary care, and plaintiff did not have prior knowledge of the existence of said defects."

Under the principles set forth above, such allegations, stripped of their conclusions and construed most strongly against the pleader, show that the defect in the walkway, even in its wet condition, could have been seen by plaintiff at the time in question while she was still several steps away from it, so that she could easily have avoided stepping into it. Since it is specifically alleged that "plaintiff did not see said defects" and no valid reason is alleged for her failure to maintain an ordinary lookout while crossing the wet pavement, the only reasonable inference from the contradictory allegations of the petition is that the defect was such as could have been seen by the plaintiff in the exercise of ordinary care and that the alleged injury was the result of the failure on the part of the plaintiff to exercise such degree of care for her own safety. *McMullan* v. *Kroger Co.*, 84 *Ga. App.* 195, 199 (65 S. E. 2d 420).

Under these circumstances the court erred in overruling the defendant's general demurrer to the petition as amended.

I am quite sure that the plaintiff intended to word her petition so as to be construed as the majority has construed it. Under the rules of the construction of pleadings on demurrer the law precludes the construction favorable to the pleader.