47130.   GORDON v. CARTER et al.

SUBMITTED MAY 1, 1972—DECIDED MAY 23, 1972.

*Richard D. Phillips*, for appellant.

*Jones, Kemp & Osteen, Charles M. Jones, John W. Underwood*, for appellees.

STOLZ, Judge. 1. A motion for a judgment notwithstanding a mistrial is analagous to a motion for a directed verdict or motion for judgment notwithstanding the verdict in that the same can be sustained only where "[t]here is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions there-

from shall demand a particular verdict." *Code Ann.* § 81A-150 (a) (Ga. L. 1966, pp. 609, 656, as amended).

The uncontradicted evidence showed that the plaintiff was a fare-paying passenger in the defendant Gordon's vehicle. As such, Gordon was required to exercise ordinary care for the plaintiff's safety. *Fountain v. Tidwell,* 92 Ga. App. 199, 206 (88 SE2d 486); *Reid v. Strickland,* 115 Ga. App. 394 (2b) (154 SE2d 778); *Wright v. Dilbeck,* 122 Ga. App. 214, 225 (176 SE2d 715).

It is equally well settled that questions of negligence and proximate cause are for the jury to determine except in plain, palpable, and undisputed cases. *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178); *Bailey v. Wilson,* 100 Ga. App. 405 (111 SE2d 106); *Sheppard v. Martin,* 100 Ga. App. 164 (110 SE2d 429); and *Charles v. Raine,* 99 Ga. App. 1 (107 SE2d 566).

As was stated in *Kesler v. Kesler,* 219 Ga. 592 (1) (134 SE2d 811): "'It is error to direct a verdict, except where there is no conflict in the evidence introduced as to the material facts, and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict.' [Cit.] A judge cannot direct a verdict because he thinks the strength or weight of the evidence is on one side, or because he might grant a new trial if a verdict should be returned which he thinks is contrary to a preponderance of the evidence. [Cit.] 'No principle is more firmly established in American jurisprudence than that the court cannot direct a verdict where there is any reasonable inference supported by evidence which would authorize a verdict to the contrary.'"

The trial court erred in sustaining the defendant Gordon's motion for judgment notwithstanding the mistrial.

2. Since the trial court improperly dismissed the case against the Long County resident defendant, it retains its jurisdiction over the Liberty County resident defendants, David L. Carter and Mrs. D. L. Carter, and erred in sustaining their motion to dismiss for lack of jurisdiction.

*Judgment reversed. Bell, C. J., and Evans, J., concur.*