## COLUMBUS CRATE COMPANY *v.* EVANS.

ATKINSON, J. An executory contract in parol for the sale of personal property amounting to more than $50 is not void under the statute of frauds (Civil Code, § 2693, par. 7), where the contract is afterwards partly executed by delivery of a portion of the goods and acceptance and payment therefor, such delivery and payment being in pursuance of the contract, within the time stipulated for delivery, and while both parties recognize its existence. See, in this connection, 1 Mechem on Sales, § 401; Wood, Stat. Frauds, 521; *Cason* v. *Cheely,*. 6 *Ga.* 554; *Bryan* v. *Southwestern R. Co.*, 37 *Ga.* 26; *Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695, 698 (58 S. E. 200).

*Judgment affirmed. All the Justices concur.*

Submitted February 11.—Decided March 27, 1908.

Action for breach of contract. Before Judge Little. Muscogee superior court. January 25, 1907.

The suit was against the Columbus Crate Company for damages. arising from a breach of a parol executory contract for the sale of goods exceeding $50 in value. The petition as amended alleged: "1. Your petitioner shows that on April 12, 1906, petitioner and

said Columbus Crate Company entered into an oral contract, whereby the said Crate Company agreed and contracted to deliver to your petitioner at Fort Valley, Ga., 50,000 peach carrier crates, and petitioner agreed to pay for same, at and for the price of 11 1/2 cents per crate, and it was further provided in said contract that petitioner had the privilege of increasing the number of said crates to 60,000 by notifying said Columbus Crate Company on or before April 24, 1906. 2. Petitioner shows that he did exercise the privilege of increasing said order to 60,000 crates, and so notified the said Columbus Crate Company before April 24, 1906. 3. Petitioner shows that all of said crates were to be delivered at Fort Valley, Georgia, between June 15th and July 1st, 1906, but it was subsequently agreed between the parties that delivery might commence prior to June 15, 1906, and the said Columbus Crate Company delivered to petitioner, under said contract, 10,500 of said peach carrier crates on or about June 1st, 1906, and petitioner accepted and paid for said crates. 4. Petitioner shows that subsequently to the delivery of said 10,500 crates, to wit, on June 5th, 1906, said Columbus Crate Company notified your petitioner that they would not complete and carry out said contract by delivering the remainder of said crates. 5. Petitioner shows that at the time said Columbus Crate Company notified petitioner that they would not fill the remaining portion of said contract, your petitioner went into the open market and bought peach carrier crates of the same quality as those offered in said contract by the said Columbus Crate Company for the purpose of supplying his demands, at and for the price of 15 cents per crate, which was the market price at that time delivered at Fort Valley, Georgia. 6. Petitioner shows that the difference between the contract price and the market price at the time of the breach of said contract was 3 1/2 cents per crate delivered at Fort Valley, Ga., and the difference between the contract price at the time of said breach of said contract was $1,732.50, in which said sum the said Columbus Crate Company has injured and damaged your petitioner, and refuses to pay your petitioner."

The defendant demurred on the following grounds: "1. Because the allegations in said petition do not set forth any cause of action. 2. Because the amount of crates alleged to have been contracted for were more than $50 worth, and the petition does not show that the contract was in writing, or that the buyer accepted

any part of the goods or crates sold and actually received the same, or that something was given in earnest to bind the bargain, or in part payment. 3. Because it is not alleged that there was such a part performance as would render it a fraud of the party refusing to comply, if the court did not compel a performance. 4. Because it is not alleged that the plaintiff agreed to accept the said crates or pay any sum whatever for them, and said alleged contract is shown to be unilateral, and it is not alleged the plaintiff agreed to do anything or that he promised to do anything on his part. 5. Because it is not alleged that the plaintiff accepted a part of the goods or crates and actually received the same at the time the alleged contract was made. 6. Because no valid binding contract between the parties is alleged. 7. Because the petitioner does not show that any promise was made in writing, signed by the party sought to be charged therewith, or some person by him or it lawfully authorized." The demurrer was overruled, and the defendant excepted.

*J. H. Martin* and *A. W. Cozart,* for plaintiff.