## 13706.   SOUTHERN WOOD PRESERVING COMPANY v. RESACA LUMBER COMPANY.

1. In a suit by the purchaser against the seller for the breach of an alleged contract for the sale of goods amounting to more than $50, a defense under the statute of frauds may be set up by demurrer, where it affirmatively appears from the petition as amended that the alleged contract was oral and was not fixed by any writing co-extensive with the terms and stipulations thereof, and that there was not such part compliance as would raise an exception to the statute. *Herbener* v. *Boston Oil &c. Co.*, 17 *Ga. App.* 437 (87 S. E. 607); *Timmons* v. *Bostwick*, 141 *Ga.* 713 (3) (82 S. E. 29).

2. Conclusions in pleadings are to be disregarded where the particular facts alleged are contradictory to them or fail to support them. *Flynt* v. *So. Ry. Co.*, 7 *Ga. App.* 313 (1), 316 (66 S. E. 957).

3. In a suit by the purchaser against a seller, for the breach of an alleged contract for the sale of goods amounting to more than $50, allegations that the contract arose upon the order of the plaintiff, placed with the defendant on or about October 15, 1919, for deliveries to begin on November 1, 1919, and to be completed April 1, 1920, and that the seller, though at first accepting the order verbally, yet entered upon the filling of the same by shipping a part of the goods on February 26, 1919, and a part on June 16, 1920, thus " recognizing the validity of the contract of sale," by making the deliveries thereof under the contract and by way of execution thereof, and by receiving payment therefor at the contract rate, are insufficient to set forth such a part performance of the alleged contract as to raise an exception to the statute, nothwithstanding other allegations (made only, however, as conclusions), that such deliveries were made in pursuance of the contract and in execution thereof, and in recognition of its validity; since it is affirmatively shown by the petition that one of the transactions relied on as a part performance occurred at a time long prior to the placing of the order, and that the only other transaction so relied upon was subsequent to the date of the expiration of the alleged contract.

4. A letter from the alleged seller to the alleged purchaser, stating that the former will have ready for delivery " a little later " certain property, filling but partially the description of the property covered by the alleged contract, is insufficient to satisfy the statute of frauds, where the letter contains no reference whatever to the contract, and fails altogether to disclose an agreement coextensive with the terms thereof.

DECIDED FEBRUARY 9, 1923.

Action on contract; from Gordon superior court — Judge Tarver. May 4, 1922.

*E. V. Carter, F. K. McCutchen,* for plaintiff.

*F. A. Cantrell, T. W. Skelly, Maddox, McCamy & Shumate,* for defendant.

BELL, J. The plaintiff in error sued for the breach of an alleged contract for the sale of lumber amounting to more than $50. The petition as amended showed that the plaintiff, on or about October 15, 1919, placed with the defendant a written order for the lumber, containing a statement of the quantity and dimensions, and specifications as to kind and quality; that the order was at first accepted by the defendant verbally, but that there had been a part performance as indicated in the third division of the syllabus, and also that the defendant had " recognized and ratified " the " contract by a letter," a copy of which is attached as an exhibit to the petition. The defendant, by demurrer, invoked the statute of frauds, and the plaintiff complains of the action of the court in sustaining this demurrer.

· The deliveries relied on as part performance were not " within the time stipulated for delivery," and therefore the case of *Columbus Crate Co.* v. *Evans,* 130 *Ga.* 432 (60 S. E. 1065), cited by the plaintiff in error, is not applicable. Neither is it possible to uphold the petition upon the authority of *Capital City Brick Co.* v. *Atlanta Ice & Coal Co.,* 5 *Ga. App.* 436 (63 S. E. 562), for the reason that the letter is not coextensive with the terms of the alleged contract. The demurrer was properly sustained.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*