## 15974. McAfee & Company v. Martin.

STEPHENS, J. 1. A person operating an automobile along a highway may be guilty of negligence as respects an approaching team, if, after observing that the team is approaching along a narrow strip of the highway where it would be difficult or impossible for both to pass in safety on account of a bank being upon one side and a declivity upon the other side of the highway, he has an opportunity to stop at a wide and safe meeting place in the highway and await the approaching team, and he fails to do so.

2. Where, as a consequence of such negligent operation of the automobile, the driver of the approaching team is placed in an emergency and must act quickly and without deliberation for his own safety, and, when attempting to avoid injury to himself as a consequence of the negligence of the person operating the automobile, drives his team over the declivity and is thereby injured, the negligence of the person operating the automobile may be regarded as the proximate cause of the injury.

3. In a suit by the driver of the team against the owner of the automobile, to recover for the injuries thus sustained, the jury was authorized to find that the negligence of the defendant was the proximate cause of the injury.

4. There being evidence to the effect that the plaintiff was fifty-five years of age, that his leg was broken as a consequence of the defendant's negligence, that the injury was permanent, and that he suffered loss in earnings, a verdict found for him in the sum of four hundred and fifty dollars was authorized by the evidence.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 20, 1925.

Action for damages; from Cherokee superior court—Judge Blair. September 27, 1924.

*P. P. DuPre, E. W. Coleman,* for plaintiffs in error.

*Brooke & Henderson,* contra.