GREEN *v.* SPEARS, sheriff.

No. 10991.   DECEMBER 10, 1935.

*Blair & Gardner* and *George D. Anderson,* for plaintiff.

*E. M. McCanless* and *John S. Wood,* for defendant.

BELL, Justice. In the brief for the plaintiff there is no contention that he was not required, under the law, to obtain a license or permit from the governing authority of the county and to pay the county license fee before engaging in the business of retailing malt beverages. So the contentions made in paragraphs 5, 6, and 8 of the petition are treated as abandoned, and the questions raised thereby need not be decided.

The court did not err in sustaining the demurrer and dismissing the petition. The act of March 23, 1935 (Ga. L. 1935, p. 73),

legalizing the manufacture and sale of malt beverages on specified conditions, provided for the payment of a State license tax in the sum of $10 upon the business of selling such beverages, upon each business or place of business. This tax is payable to the State Revenue Commission; and if the taxpayer enters business after January 1 of any year, this tax is to be prorated on a monthly basis. Section 5. The petition alleged in effect that the plaintiff had paid the tax required by this provision. By section 3 it is provided that the State Revenue Commission shall enforce this act and promulgate such regulations as it may deem necessary for this purpose. The petition does not show what regulations, if any, have been promulgated by the commission; but in section 7 of the act it is provided that if the proposed business is to be located outside of a municipality, the "governing authority" of the county is authorized to fix an annual license fee, and in section 15a it is declared that no business legalized by the act "shall be conducted in any county or incorporated municipality of this State without a permit from the governing authority of such county' or municipality, which said authority is hereby given discretionary powers as to the granting or refusal of such permits." The governing authority of a county is that official or body having charge of the fiscal affairs of the county, such as the ordinary in some counties, and the board or commission of roads and revenues in other counties. In Cherokee County the governing body is a sole commissioner of roads and revenues. Ga. L. 1915, p. 177. The tax-commissioner of Cherokee County is not the governing authority of the county, but is an officer who performs the duties formerly attaching to the offices of tax-receiver and tax-collector. Ga. L. 1929, p. 564.

It thus appears that the most important step in the process of qualifying to conduct the business of selling beer under the act of 1935 is to obtain a permit from the governing authority of the county in which the business is to be conducted, where it is to be operated without the limits of an incorporated municipality. The petition alleges in general terms that a county license tax had been fixed in Cherokee County at the sum of $10, but there is no statement as to the authority by whom the tax was thus determined. The petition also alleges in general terms that the plaintiff has been selling beer in compliance with the conditions of the act of 1935; but in specific language the plaintiff mentions only that he

has dealt with the State Revenue Commission and the county tax-commissioner. It is evident from a consideration of the petition as a whole that the allegations as to compliance with the law are mere conclusions of the pleader, based upon the specific averments as to the payments to the State Revenue Commission and county tax-commissioner and the issuance of licenses by these officials. Why such complete silence in regard to action by the commissioner of roads and revenues of the county who alone had the power to grant or refuse a permit for the operation of the business and to fix the amount of the county license fee upon the grant of such permit? If the facts warranted, the particulars of this important matter could have been given with the same facility as those pertaining to the action of the county tax-commissioner, so prominently mentioned in the petition. It is an established rule of construction that conclusions·based on specific allegations are to be disregarded where the particular facts alleged either contradict them or fail to support them. *Wolfe* v. *Georgia Railway & Electric Co.*, 124 *Ga.* 693 (53 S. E. 239); *Krueger* v. *MacDougald*, 148 *Ga.* 429 (96 S. E. 867); *O'Callaghan* v. *Bank of Eastman*, 180 *Ga.* 812, 817 (180 S. E. 847); *Flynt* v. *Southern Ry. Co.*, 7 *Ga. App.* 313 (66 S. E. 957); *Southern Wood Preserving Co.* v. *Resaca Lumber Co.*, 29 *Ga. App.* 501 (2) (116 S. E. 32).

It is argued that neither the State Revenue Commission nor the county tax-commissioner would have accepted any payment of tax or issued a license unless the governing authority of the county had first acted upon the matter and granted a permit in accordance with the statute. The plaintiff is relying here on the presumption that public officers perform their official duty and will observe the law. Section 17 of the act makes it a misdemeanor for any person to violate any of its provisions; and so the plaintiff was guilty of a crime under the law if he engaged in the business of selling beer without a permit from the county authority. In this connection, there is also the presumption that the sheriff would, like the other officials, perform his official duty, and that he would not assume to hinder the plaintiff in the conduct of such business where the legal conditions precedent were all complied with. Thus, so far as presumptions are concerned, it would seem that the case is about in a state of equilibrium, with the burden on the plaintiff to show by appropriate allegations of fact that he is entitled to an injunction.

Since the specific averments do not support the general statements to the effect that the plaintiff has paid the amount fixed as the license fee in Cherokee County and has been selling beer in compliance with the conditions of the beer act, the petition does not allege sufficient cause for the grant of an injunction, and the general demurrer was properly sustained.

But it is suggested that it is no longer a violation of the law for a person to have beer in his possession; and that even if the petition does not show the grant of a permit by the county authorities, the sheriff was not authorized to raid the plaintiff's place of business, or to disrupt and destroy the same, as alleged in the petition. Even on this theory the petition is without equity. Assuming that the possession of beer is lawful, the plaintiff would not be in court with clean hands where he is selling it contrary to law and is seeking merely to restrain the sheriff from interfering with him in the operation of such business, nothing in the way of seizure or confiscation being shown.

*Judgment affirmed. All the Justices concur.*