## 33512. MERIWEATHER *v.* ATLANTA TRANSIT COMPANY.

DECIDED APRIL 25, 1951.

*Reuben A. Garland, Anthony A. Alaimo,* for plaintiff.
*MacDougald, Troutman, Sams & Schroder,* for defendant.

GARDNER, J.   It is insisted that the plaintiff was injured as a result of the concurrent negligence of the two defendants.   It is claimed that the allegations of the petition, together with the admission of the defendant transit company by its general demurrer, show that the Atlanta Transit Company was negligent and that this negligence concurred with that of the defendant oil company in causing her injury.   The plaintiff contends that it affirmatively appears from the petition that the negligence charged to the transit company constituted a contributing proximate cause of her injury, and that the court erred in sustaining the demurrer of the transit company in that it appears from the petition that the "negligence attributable to it did not constitute the proximate cause of the injuries alleged to have been sustained by the plaintiff, nor did said alleged negligence concur with any of the [negligence of the] defendant American Oil Company to contribute to the alleged injuries."

There is no merit in the plaintiff's contention that by the general demurrer interposed the transit company admitted that it was negligent but disputed the fact that it was guilty of actionable negligence.   By its general demurrer, and for the purpose of determining whether the petition was subject thereto or not, the defendant transit company admitted that the allegations contained in the petition were true, but did not admit that the conclusions of law drawn therefrom by the plaintiff were good.   By the demurrer this defendant transit company attacks the soundness of these conclusions of law urged, and contends that, from the facts alleged, it appeared that the transit company was not guilty of negligence which constituted a contributing proximate cause of the plaintiff's injury, in other

words, the defendant transit company says that the facts pleaded, admitting them to be true as alleged in the petition, fail to show that it was negligent in the premises and that such negligence was a proximate cause of the plaintiff's injuries. The petition, the defendant transit company claims, affirmatively discloses that the acts charged as negligence on its part did not constitute as a matter of law, a proximate cause of. the plaintiff's injury.

It appeared from the petition that the plaintiff, a small child 7 years of age, attempted to cross a public street at a place where persons were not accustomed to cross and when she had proceeded several paces into the street she observed approaching her at a speed of 25 miles an hour, and only 100 feet away, a trackless trolley of the defendant transit company and that she was thereby placed in a position of peril, and instinctively sought to dash across the street and out of the way of the trolley. It did not appear that it was through any act of the transit company that the plaintiff got into this perilous or emergency position. The petition set up that the trolley did not slacken its speed although the driver thereof "saw or in the exercise of ordinary care should have seen" the plaintiff directly ahead and only 100 feet away. This was not an allegation that the driver of the trolley actually saw the plaintiff or that he could have slowed down or stopped the trolley within 100 feet to save the plaintiff from being struck by the truck. *Southern Ry. Co. v. Lomax*, 67 *Ga. App.* 406 (4) (20 S. E. 2d, 437). The plaintiff was at a place in this street where there was no reason for the driver of the trolley to anticipate her presence. The driver of the trolley, even if he saw this child at the instant she came into view in front of him, did not have time to stop his trolley or to do anything to prevent the plaintiff from acting as she did,—that is, from dashing on across this street, and out in front of the trolley, where she was struck by the truck of the American Oil Company, which had turned from Peachtree Street into this street. This intersection was only 50 feet from where the plaintiff attempted to cross 11th Street. It does not appear how any of the acts charged by the plaintiff as negligence on the part of the transit company caused or directly contributed to her injury, that is, how the plaintiff's injury would have

been avoided had the driver of the trolley slackened his speed when he saw the plaintiff, which speed was lawful, and it does not appear how, if he had done so, this would have prevented the plaintiff from dashing on towards the opposite curb, nor how his failure to stop, if that could have been done, before he reached the place where the plaintiff was in front of him, could have prevented the plaintiff from being struck by the oil company truck. It is to be borne in mind at all times that even if the driver of the trolley saw the plaintiff immediately as she stepped out into this street from behind the parked car, he was only 100 feet from the point where she was attempting to cross and that it was only a matter of three or four seconds before he would reach the place where she was and that he could not have stopped the trolley nor slackened his speed sufficiently to have prevented the plaintiff from becoming frightened and instinctively seeking to avoid being hit by the trolley by dashing towards the opposite curb, not knowing that the truck of the defendant oil company was turning into this street at the intersection 50 feet away. It does not appear from the petition that the transit company, by not stopping the trolley nor slackening its speed, forced the plaintiff to jump for her safety from a position in the path of the trolley into the path of the oncoming truck. This is not a case where the trolley struck the plaintiff, but a case where the plaintiff attempted to cross a street, at a place where persons were not in the habit of crossing and where her presence was not to be anticipated by the driver of the trolley, and suddenly appeared in front of the trolley while it was almost upon her, where the driver of the trolley could not have seen her sooner than she saw the trolley, and where in this position of peril where she had placed herself she instinctively dashed, not back from where she started, but on towards the opposite curb and was struck by the oil company truck. The negligence of the transit company, even if the acts charged in the petition as negligence could be held to be negligence, did not constitute the proximate cause of the plaintiff's injuries.

This was one of those plain and unmistakable cases where the acts charged as negligence could not have been properly determined by a jury to have been a proximate cause of the

injury sued for, and there was nothing for the jury to pass upon in this regard, as to the transit company.

The conclusions of the plaintiff in this regard are in conflict with what appears from the pleaded facts and are to be disregarded. See *Flynt* v. *Southern Ry. Co.*, 7 *Ga. App.* 313, 316 (66 S. E. 957).

In *Stallings* v. *Georgia Power Co.*, 67 *Ga. App.* 435 (20 S. E. 2d, 776), it was ruled that, "It is the general rule that one's responsibility for negligence must end somewhere. The plaintiff can not always recover for the negligence of another. The law always refers the injury to the proximate cause, not to the remote cause. . . Negligence, no matter in what it consists, can not create a right of action unless it is the proximate cause of the injury complained of." It did not appear that the plaintiff's injury was the natural and probable consequence of the acts alleged by the plaintiff to have been negligence as to the defendant transit company and that her injury ought to have been foreseen in the light of attending circumstances, but the petition affirmatively discloses the contrary.

The plaintiff suddenly appeared in front of the trolley (from behind a parked automobile), 100 feet away, and the trolley was traveling 25 miles an hour, and there was nothing to cause the driver of the trolley to anticipate that the plaintiff would be where she was, and it can not be held that the jury could have determined that, had the driver of the trolley in these circumstances stopped the trolley or slackened the lawful speed of the trolley, the plaintiff would have been prevented from dashing towards the opposite curb and into the path of the truck of the oil company, turning into the intersection from the other direction, and which struck and injured the plaintiff. In these circumstances the petition as a matter of law fails to allege any acts of negligence on the part of the defendant transit company which concurred in and contributed to the plaintiff's injury and the trial judge properly dismissed the plaintiff's action as to the defendant transit company. See generally, in this connection, *Christian* v. *Smith*, 78 *Ga. App.* 603 (51 S. E. 2d, 857); *Perry* v. *Macon Consolidated Street R. Co.*, 101 *Ga.* 400 (29 S. E. 304).

There is nothing in the case of *Wilson* v. *Ray*, 64 *Ga. App.*

540, 544 (13 S. E. 2d, 848), rendering the rulings therein applicable here. We have carefully examined the decisions cited by the plaintiff in her brief and do not find anything to the contrary of our holding here. The principles laid down in *Smith* v. *American Oil Co.*, 77 *Ga. App.* 463, 491 (49 S. E. 2d, 90), *Letton* v. *Kitchen*, 166 *Ga.* 121 (142 S. E. 658), and *Bonner* v. *Standard Oil Co.*, 22 *Ga. App.* 532 (96 S. E. 573), to the effect that questions of negligence, proximate cause, causal relation and what negligence as well as whose negligence caused the injury sued for, are questions for consideration by the jury, under proper instructions from the court, have all been considered in the determination of the present case.

There is nothing in the facts alleged to show that the principle "that the intervening agency could have reasonably been anticipated or foreseen by the original wrongdoer" (if the transit company could be considered a wrongdoer) is applicable, as in *Rome Railway & Light Co.* v. *Jones*, 33 *Ga. App.* 617(2) (127 S. E. 786). We agree with the principle of law that "children must be expected to act upon childish instincts and impulses, and not to exercise the discretion and prudence necessary for their safety, with regard to dangerous agencies." *Glover* v. *Dixon*, 63 *Ga. App.* 592, 599 (11 S. E. 2d, 402). However, it is not made to appear how any act of commission or omission, charged to the defendant transit company in the petition, would have prevented the plaintiff from acting as she did.

There is nothing in the case of *McAfee & Co.* v. *Martin*, 34 *Ga. App.* 247 (129 S. E. 168), which makes the holding therein applicable here. The plaintiff was not placed in an emergency or a position of peril through any negligent act of the defendant transit company. The driver of the trolley owed her no duty until he had discovered her in front of his trolley, and it is not shown that anything he did or failed to do thereafter would have prevented the plaintiff from being struck by the American Oil Company truck, as we have above noted. Consequently, nothing held in the cases of *Lovett* v. *Sandersville R. Co.*, 72 *Ga. App.* 692, 694 (34 S. E. 2d, 664); *Allyn & Bacon Book Publishers* v. *Nicholson*, 58 *Ga. App.* 729 (199 S. E. 771); *Gazaway* v. *Nicholson*, 61 *Ga. App.* 3 (5 S. E. 2d, 391), and Holland *v.*

Edelblute,. 179 Va. 685 (20 S. E. 2d, 506), applies here. The acts of the driver of the trolley did not make possible the act of the driver of the oil company truck in running over the plaintiff. The driver of the trolley did not negligently place the plaintiff in a position of danger.

While the record does not reveal it, it is argued without dispute that the court overruled the demurrer of the American Oil Company, but we are not here concerned with the ruling regarding the American Oil Company.

It follows that the court properly dismissed the petition as to the defendant transit company. .

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*