## 35482. GOODRUM *v.* JENKINS.

DECIDED JANUARY 20, 1955.

378

*J. Walter LeCraw,* for plaintiff in error.

*Garland & Alaimo,* contra.

QUILLIAN, J. 1. The defendant demurred generally to the petition on the ground that, from the facts and circumstances shown by the petition, it does not appear that the alleged negligence of the defendant was the proximate cause of the plaintiff's injuries.

Ordinarily questions of negligence, contributory negligence, and proximate cause are not matters of law to be determined by the court on demurrer. If the petition fails to set forth facts from which it appears that the defendant was negligent or that his negligence was the proximate cause of the plaintiff's injuries, the petition is subject to general demurrer. The facts alleged in the petition in the instant case, if proved, would support a finding that the defendant's negligence was the proximate cause of the plaintiff's injuries. The court did not error in overruling the general demurrer. *Moore* v. *Shirley,* 68 *Ga. App.* 38 (21 S. E. 2d 925); *Shepherd* v. *Amos,* 75 *Ga. App.* 221 (42 S. E. 2d 775); *McDaniel* v. *Richards,* 64 *Ga. App.* 612 (13 S. E. 2d 710); *Letton* v. *Kitchen,* 166 *Ga.* 121 (142 S. E. 658).

2. The plaintiff alleged in paragraph 14 of the petition that she would suffer for the rest of her life from the injuries sustained by her. The defendant demurred on the ground that this statement constituted a conclusion of the pleader.

The allegation is not subject to the criticism that it is such a conclusion, for the reason that other averments relating to the nature and extent of the plaintiff's injuries furnished factual foundation for the assertion that the injuries were permanent.

We are aware that a non-expert witness is not usually permitted to testify to the probable duration of disability or pain that may result from an injury sustained by him. *Atlanta Street Railroad Co.* v. *Walker*, 93 *Ga.* 462 (2) (21 S. E. 48). But this rule of evidence has no application to the principles of pleadings.

Frequently, as in this case, that which may be pleaded cannot be proved by the pleader's testimony. Pleadings are confined within the scope of what can by competent evidence be proved: a witness's testimony is restricted to those facts concerning which he can be expected to possess reasonably accurate information.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*