Eben L. BURLESON et al., Appellants,

v.

John William CHAMPION, Appellee.

No. 18307.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1960.

# 654

James Maddox, Rome, Ga., for appellants.

Dudley B. Magruder, Jr., Rome, Ga., Wright, Rogers, Magruder & Hoyt, Rome, Ga., of counsel, for appellee.

Before JONES, Circuit Judge, and JOHNSON, District Judge.

JOHNSON, District Judge.

In a diversity suit for damages, Eben L. Burleson, Mrs. E. L. Burleson and Carolyn Burleson, complain of serious and permanent injuries suffered as a proximate consequence of the negligence of John William Champion. The collision that forms the basis for this litigation occurred between a truck being driven by Champion and an automobile being driven by Eben L. Burleson, Burleson's wife and daughter being passengers, on U. S. Highway 411 at the end of a bridge near the line separating the Counties of Floyd and Bartow, Georgia.

Champion answered, denying any negligence and counterclaimed against Eben L. Burleson, the other driver, for damages to his truck.

The case was fully tried to a jury and the verdict was against the plaintiffs-appellants and in favor of Champion on the appellants' suit and in favor of Burleson on Champion's countersuit.

The Burlesons appealed, claiming error by the trial court in that:

(1) a witness was allowed to give his opinion improperly;

(2) the district judge, over the objection of plaintiffs, improperly charged the jury as to the law applicable to "bridge accidents";

(3) the court refused to charge according to plaintiffs' specific request, based on the language of a Georgia court opinion;

(4) the court failed to properly charge the jury that they could, in determining whether or not Burleson exercised proper care, take into consideration the markings on the highway and other physical surroundings; and

(5) the verdict of the jury was contradictory in that it found that both Champion and Burleson were negligent and while Burleson could not recover, Mrs. E. L. Burleson and Carolyn Burleson, as guests, would be entitled to recover against Champion.

Each of these alleged errors will be discussed in this order.

One of Champion's witnesses, Virlyn Vincent Pruitt, an expert in the field of insurance investigation—whose principal duties were to investigate automobile accidents—was, by coincidence, at the scene of this accident at or near the time it occurred. Pruitt was allowed to testify with respect to his opinion that an indentation in the pavement was made by the bumper of appellant Burleson's automobile. All of the facts, including detailed photographs,[1] upon which Pruitt based this opinion, were in evidence and available to the jury.

■■ The rule as to such testimony in Georgia is that skilled or expert opinion testimony may be admitted as an aid to the jury or court in drawing the correct inferences from the raw and unsorted facts and that such opinion testimony does not usurp the province of the jury. Royal Crown Bottling Co. v. Stiles, 1950, 82 Ga.App. 254, 60 S.E.2d 815; Whatley v. Henry, 1941, 65 Ga.App. 668, 16 S.E.2d 214; Stenger v. Weller, 1933, 47 Ga.App. 863, 171 S.E. 829; and King v. Sharpe, 1957, 96 Ga.App. 71, 99 S.E.2d 283.

As a matter of fact, the trial judge followed very closely the case of King v. Sharpe which was strikingly similar to this case. There was, therefore, no error in the admission of this testimony.

---

1. Pruitt himself took these photographs that detailed the vehicles immediately after the wreck, the debris, the indentation in the pavement, the roadway at the point of impact, and other physical surroundings.

■ Appellants' complaint that the trial judge charged the jury that the bridge in question was a dangerous bridge has no basis in fact. The charge left the matter up to the jury to determine which vehicle entered the bridge first and whether there would be negligence on the part of one seeking to enter.[2] This was a proper statement of the law of Georgia as set out in J. M. McFee & Co. v. Martin, 34 Ga.App. 247, 129 S.E. 168.

■ On the third point here raised by appellants, the record reflects a written request for the trial judge to charge as follows:

"A large motor truck, although operated in the public service as a common carrier and transporting freight and thereby carrying on a useful public business upon the highways of this State has no right to usurp the use of the highways to the peril of other vehicles traveling thereon. Every motor vehicle properly using the highways of this State has equal rights with others in that use."

It is apparent the language used in this requested charge is highly prejudicial to the truck owner and driver. To give such a charge would be error. The trial judge correctly covered this question by charging:

"I charge you that it is a general rule that every motor vehicle prop-

erly using the highways of the State have equal rights with others in connection with the use of the highway."

■ As to appellants' complaint that the Court failed to charge in connection with whether or not Mr. Burleson exercised ordinary care in entering the bridge, and that the jury might take into consideration the markings on the highway, it suffices to say that from a reading of the charge as a whole it clearly appears that the duty and care owed by both drivers and the consequence of a breach of that duty and care was adequately and fully covered. The effect of giving appellants' requested charge as to this aspect of the case would have probably been to highlight unduly certain features of the case.

■ As to the claim that the verdict was contradictory, it appears that such claim is based upon the assumption the jury found both drivers guilty of negligence. The record does not reflect this to be the fact. Actually, it reflects that the jury could have very easily found that neither driver was guilty of negligence. In this connection, it is sufficient to say that the jury found against each party making a claim for damages that the evidence was sufficient to support such findings and the case was fairly and fully tried and submitted.

The judgment of the trial court is

Affirmed.

2. In this connection, the trial judge charged:

"There is no statute involving the right of way as to two vehicles which are entering upon a bridge where the vehicles are meeting each other. If you find however, that the defendant's tractor-trailer was upon the bridge and if you find that there would be danger upon the part of the plaintiff in entering or seeking to enter the bridge while the defendant's tractor-trailer was already on the bridge, and if you find that the plaintiff in seeking to enter the bridge under the circumstances was not in exercise of ordinary care and diligence, and that the plaintiff's failure to exercise ordinary care and diligence was the sole proximate cause of the injury and damage to the plaintiff, then the

plaintiff would not recover. But, if on the other hand, Gentlemen, you find that the facts to be as contended by the plaintiff that the plaintiff was in the exercise of ordinary care approaching the bridge that the plaintiff was on the right hand side of the roadway, and that as he approached the bridge the tractor-trailer of the defendant emerging from the bridge or while still in the bridge caused the collision between the vehicles, and that the sole proximate cause of injury and damage to the plaintiffs was the negligence upon the part of the defendant, including the contention of plaintiff that defendant was upon defendant's wrong side of the highway, then it would be your duty to find in favor of the plaintiffs."