41229. BROWN v. JOHNSON et al.

HALL, Judge. The plaintiff in this automobile negligence action assigns error on the judgment of the trial court sustaining the general demurrer of one of the co-defendants.

The petition alleged: The plaintiff's automobile was parked facing south at the west curb on the street in front of her home. An agent of the defendant Platt's Funeral Home was driving this defendant's ambulance along the street traveling south. The defendant Johnson was drunk and was driving an automobile traveling north. The Johnson automobile jumped the east curb and ran the curb for a distance of approximately 127 feet and then re-entered the street, crossed the north-bound traffic lane, crossed the center line and struck the left side of the ambulance as it was attempting to pass the plaintiff's parked automobile, and the right rear of the ambulance struck the left side of the plaintiff's automobile. Johnson was negligent in driving while intoxicated, speeding, and failing to control his automobile. The negligence alleged against Platt was ". . . not keeping sufficient lookout ahead and in not keeping its ambulance under such control so as to have been

able to stop without striking plaintiff's automobile when the driver of the ambulance discovered or in the exercise of ordinary care could have observed defendant Johnson's automobile coming over the center line and endangering defendant Platt's unobstructed passage between the center line and plaintiff's parked automobile." *Held:*

The alleged negligence of Platt's driver consisted merely in the failure to stop so as to avoid the consequences of the active negligence of Johnson. Whether Platt's driver was negligent or not depends upon whether or not, by exercising ordinary care, he should have seen that the active negligence of Johnson was such that unless he did something to avoid it there would be a collision involving the plaintiff's car. This petition presents an issue of fact upon which fair minded men could differ that Platt's driver in the exercise of ordinary care in observing approaching vehicles could have anticipated the course of Johnson's vehicle and upon becoming aware of the danger could have taken action to avoid colliding with the plaintiff's automobile. *Buice v. Atlanta Transit System, Inc.,* 105 Ga. App. 795, 797 (125 SE2d 795); accord *Lusk v. Smith,* 110 Ga. App. 36, 40 (137 SE2d 734). The case of *Pfeifer v. Yellow Cab Co. of Atlanta,* 88 Ga. App. 221 (76 SE2d 225), where the facts alleged in the petition did not create an issue that one defendant should have anticipated that a co-defendant would collide with another vehicle, is not controlling in the present case.

The trial court erred in sustaining the general demurrer.

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*

DECIDED MARCH 19, 1965.

*O. L. Collins,* for plaintiff in error.
*Fulcher, Fulcher, Hagler & Harper, William C. Reed,* contra.