### 42406. CRANE et al. v. DOOLITTLE et al.

HALL, Judge. The plaintiff sought damages against the owner and driver of a taxicab in which she was riding and the owner and driver of another automobile which collided with the taxi, for injuries allegedly resulting from the concurring negligence of all defendants. The owner and driver of the taxi filed general demurrers, motions for nonsuit and for a directed verdict, and an objection to the charge of the court prior to the jury returning its verdict, all of which were overruled and denied. After verdict and judgment for the plaintiff against all four defendants, the owner and driver of the taxi filed a notice of appeal and enumerates the above rulings as error.

1. One of the oldest principles in the law of pleading is that a general allegation of negligence is good as against a general demurrer. "As against general demurrer only, a petition is not subject to dismissal because the specific acts of negligence are not set out." *Higdon v. Georgia Winn-Dixie, Inc.,* 112 Ga. App. 500, 505 (145 SE2d 808). Furthermore, "It is only where it *clearly appears* from the petition that the negligence charged against the defendant was not the proximate and effective cause of the injury that the court may upon *general demurrer,* as a matter of law, so determine." *Sarno v. Hoffman,* 110 Ga. App. 164, 167 (138 SE2d

310

96). Applying these principles with respect to the allegations that these defendants failed to control the movements and speed of their vehicle so as to avoid the collision, we are of the opinion that the trial court did not err in overruling their general demurrers. *Brown v. Johnson,* 111 Ga. App. 376 (141 SE2d 791); *Young v. Tate,* 112 Ga. App. 603, 606 (145 SE2d 747); *Ware v. Alston,* 112 Ga. App. 627, 630 (145 SE2d 721).

2. Appellants' enumerations of error with respect to their motions for nonsuit and for directed verdict and their contention that there was no evidence that their negligence was the proximate cause of any injuries to the plaintiff are without merit for the reason that, while there was evidence to the contrary, the driver of the other car testified that he was stopped in his own lane of traffic when the taxi came over and hit him.

3. Appellants enumerate as error the following charge of the court: "If you should determine that the defendant Crane did not commit at least one of the specifications of negligence charged against him and defendant Veteran's Cab Co., Inc., or if you should determine that he committed one or more of the actions specified in those charges of negligence, but that nevertheless such actions as you find that he committed did not constitute slight negligence as a matter of fact, or negligence as a matter of law, on his part, then in that event, you could not find a verdict in favor of the defendants Veteran's Cab Company, Inc. and Crane, and you would be under a duty to render a verdict in their behalf." Upon the conclusion of the charge the trial court asked if there were any exceptions. Appellants' attorney informed the court, and the plaintiff's attorney concurred, that the above charge was mixed up in the use of the word "not." The court replied "All right, I am not going to try to pick that out and try to correct it. You may record your exception." "The court had an opportunity to clarify the charge to the jury and it is our understanding that this was the purpose of the new appellate practice law which requires an opportunity for the trial court to correct its errors in charges before cases are considered by juries. The court erred in not correcting the charge." *State Hwy. Dept. v. Handley,* 114 Ga. App. 124, 125 (150 SE2d 316).

*Judgment reversed. Felton, C. J., Bell, P. J., Jordan, Eber-*

*hardt and Quillian, JJ., concur. Frankum, P. J., concurs in the judgment. Pannell and Deen, JJ., dissent.*

ARGUED NOVEMBER 7, 1966—DECIDED FEBRUARY 27, 1967.

*Erwin, Birchmore & Epting, Eugene A. Epting,* for appellants. *Grady C. Pittard, Jr., Joseph J. Gaines,* for appellees.

DEEN, Judge, dissenting. I concur in Divisions 2 and 3 of the majority opinion, but dissent as to Division 1.

Where a petition in a negligence case fails to set forth facts from which it appears that the defendant was negligent or that his negligence was the proximate cause of the plaintiff's injuries, the petition is subject to general demurrer. *Goodrum v. Jenkins,* 91 Ga. App. 377 (85 SE2d 633). The allegations of the pleader must be construed against her, and while facts well pleaded are taken as admitted, the conclusions of the pleader unsupported by any factual statement will not be. *Ford v. S. A. Lynch Corp.,* 79 Ga. App. 481 (54 SE2d 320); *Dowling v. Southwell,* 95 Ga. App. 29 (96 SE2d 903); *Belch v. Sprayberry,* 97 Ga. App. 47 (101 SE2d 870). And see, as to allegations of negligence, *Cox v. Norris,* 70 Ga. App. 580 (2) (28 SE2d 888).

Judged by these standards, it appears from the allegations of the petition that the negligence of Woods was the sole proximate cause of the plaintiff's injuries. His automobile "was driven from the eastbound or southerly lanes of traffic across the center line of said public highway and into the left side of said vehicle in which plaintiff was a passenger with great force, severely damaging the said automobile." The car in which the plaintiff was riding was at the time (construing the petition in the light of its omissions as well as its averments) being driven in the opposite direction, at a proper speed, and its driver was violating no law.

The plaintiff's petition alleged that she was a passenger in a taxicab which was proceeding westwardly in the outside or curb lane of a 58-foot, 4-lane street within the city limits of Athens; that defendant Woods, on the business of defendant Carteaux, drove his car from the inside lane of traffic proceed-

ing in the opposite direction across the center line of the highway and into the taxicab in which she was riding. Woods negligently failed to control the speed of his automobile, turned it left to enter a driveway before such movement could be made with reasonable safety; failed to stop before colliding with the taxicab and failed to observe the taxicab before making the left turn into the driveway.

Crane is alleged to have been negligent in (a) failing to avoid the collisions; (b) failing to drive at a reduced speed when weather and highway conditions posed a special hazard; failing to keep his vehicle under control so as to stop it before running over the curb and into a tree after being hit; failing to "use his eyesight and vision" and to "observe and see the movements of the vehicle operated by Woods" before colliding with it. Crane and the taxicab company demurred on the ground that the petition shows on its face that the negligence of Woods was the sole proximate cause of the collision which demurrers were overruled.

It must be assumed from the petition that the weather was clear, the road was straight, and there were no traffic hazards. *Rogers v. Johnson,* 94 Ga. App. 666, 679 (96 SE2d 285). Therefore, the allegation that Crane was negligent in failing to drive his vehicle at an appropriately reduced speed "when special hazard existed with respect to other traffic by reason of weather and highway conditions" must be disregarded. Negligence in failing to avoid colliding with a vehicle alleged to have been driven across the center line of the street into his vehicle is also a conclusion, it not being shown how this act could have been avoided. In view of affirmative allegations that Crane's taxi was hit on the left side with great force at a time when it was traveling in the curb lane, the conclusion that Crane was negligent in not stopping before he hit the curb and a tree on the other side of the curb is unsupported by facts. "Failing and neglecting to use his eyesight and vision" to avoid the collision, the curb, and the tree, are allegations falling into the same conclusory category.

It is my opinion that it was error to overrule the demurrer of the appellants.

PANNELL, Judge, dissenting. I concur with the statement of the majority that "one of the oldest principles in the law" (at least since the Judiciary Act of 1799, Cobb's Digest, p. 470) is that ordinarily a general allegation of negligence is good as against a general demurrer and the lack of a more particular allegation of negligence does not make the petition subject to general demurrer; however, there is another principle of law in the state equally as old that "[s]pecifications of negligence do not constitute the entire pleading and the fact that the petition may contain general allegations of negligence which are good as against a general demurrer does not demand the conclusion, or necessarily justify the conclusion, that the petition as a whole sets forth a cause of action. Negligence alone does not give a right of action to an injured person against the negligent person unless the negligence be the proximate cause of the injury and damage. *Western & A. R. v. Frazier*, 66 Ga. App. 275 (18 SE2d 45); *Kleinberg v. Lyons*, 39 Ga. App. 774 (148 SE 535); *Doby v. Florence Constr. Co.*, 71 Ga. App. 888 (32 SE2d 527); *Stallings v. Georgia Power Co.*, 67 Ga. App. 435 (20 SE2d 776); *Western & A. R. v. Crawford*, 47 Ga. App. 591 (170 SE 824); *Queen v. Patent Scaffolding Co.*, 46 Ga. App. 364 (167 SE 789); *Williams v. Southern R. Co.*, 76 Ga. App. 559 (46 SE2d 593); *Gallovich v. Ellis*, 55 Ga. App. 780 (191 SE 384); *Powell v. Waters*, 55 Ga. App. 307 (190 SE 615); *Walters v. Berry Schools*, 40 Ga. App. 751 (151 SE 544)." *Davis v. Aiken*, 111 Ga. App. 505, 508 (142 SE2d 112). And equally old is another rule "[e]ven though the plaintiff may have alleged in direct terms that the acts of negligence alleged were the proximate cause of the injury, the allegation of proximate cause is a mere conclusion unless the facts alleged support that conclusion, and this conclusion is to be disregarded where the particular facts are contradictory of it, or even where they merely fail to support it. *Flynt v. Southern R. Co.*, 7 Ga. App. 313 (1) (66 SE 957); *Southern Wood Preserving Co. v. Resaca Lumber Co.*, 29 Ga. App. 501 (2) (116 SE 32); *Meriweather v. Atlanta Transit Co.*, 83 Ga. App. 783, 788 (64 SE2d 702); *Green v. Spears*, 181 Ga. 486, 490 (182 SE 913)." *Davis v. Aiken*, supra, p. 509. The majority opinion seemingly ignores

these corollary rules and gives them no consideration whatsoever in making their determination as to the sufficiency of the petition and, in arriving at their conclusion, apply only part of the law applicable. While it may be true that in so doing they are applying a more desirable rule of pleading set forth in our new Civil Practice Act (Ga. L. 1966, p. 609) which presently becomes effective September 1, 1967, (see dissenting opinion of Judge Hall in *Davis v. Aiken,* supra, on page 515), I do not conceive it to be my duty or my prerogative to apply these rules until they are legally effective. I must decide cases under what I deem the law to be, irrespective of my personal opinion as to its correctness and should never under any circumstances render an opinion merely because I think that is what the law should be.

Under our Code, particularly *Code* § 81-101 "[a]s construed by the courts of this State, this statutory provision requires a higher degree of certainty in pleading than was necessary at common law. . ." *Cedartown Cotton &c. Co. v. Miles,* 2 Ga. App. 79, 80 (58 SE 289). In reference to a similar statute later enacted in England (Ord. XIX, r. 4.) it was said "[i]t will be obvious, however, that as the plaintiff [is] now confined to one statement of his cause of action, it has become much more essential than heretofore that such statement should be very carefully framed after a most accurate examination, not only into the facts but of the evidence that can be certainly adduced in support of them. . ." Chitty's Pleading Vol. 2, p. 10. While I might not agree with this strict rule, nevertheless, I am bound to enforce it. Accordingly, I must therefore dissent from the ruling of the majority.